# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ALFRED DEWAYNE BROWN.**<br><br>**Plaintiff,**<br><br>v.<br><br>**CITY OF HOUSTON, TEXAS, HARRIS COUNTY, TEXAS, BRECK MCDANIEL; DANIEL J. RIZZO, KIM OGG, TED C. BLOYD, AND D.L. ROBERTSON,**<br><br>**Defendants.** | Civil Action No. 4:17-CV-01749 |

### DECLARATION OF BRIAN W. STOLARZ IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

I, BRIAN W. STOLARZ, hereby declare that:

1. I am over 18 years old, of sound mind and body, and make this statement of my own personal knowledge.

2. I represented Mr. Alfred Dewayne Brown in his petition for habeas corpus relief from his homicide conviction, and have assisted him in finding counsel for pursuing his civil claims related to his wrongful criminal prosecution.

3. Mr. Brown's conviction was vacated and remanded by the Texas Court of Criminal Appeals on November 5, 2014.

4. The mandate did not come down from the Texas Court of Criminal Appeals until December 1, 2014.

5. Mr. Brown remained incarcerated pending a new trial.

1

6. While the new trial was pending, Mr. Brown's new defense attorney informed me that the State informed the District Court that it was continuing to investigate the case for a potential re-trial.

7. The case against Mr. Brown was ultimately dismissed by the Harris County District Attorney's Office and the 351st District Court of Harris County, Texas on June 8, 2015.

8. After the case against him was dismissed, Mr. Brown intended to apply for a monetary recovery under the Texas Compensation Statute for Persons Wrongfully Imprisoned, Tex. Civ. Prac. & Rem. Code § 103.001, *et seq*.

9. Under that statute, a wrongfully imprisoned individual is entitled to automatic compensation if they meet the law's requirements.

10. One such requirement is a determination of actual innocence, which is granted by pardon, by a court finding in a writ of *habeas corpus* proceeding, or obtained from the prosecuting office, in this case the Harris County District Attorney's Office.

11. Mr. Brown filed a petition with the State of Texas Office of the Comptroller for wrongful imprisonment compensation on February 22, 2016.

12. Mr. Brown was represented by Neal Manne (and others) of Susman Godfrey LLP ("petition counsel") in connection with the petition.

13. On April 7, 2016, the Office of the Comptroller denied the petition. According to media reports, the Comptroller's spokesperson stated that Mr. Brown did not satisfy the statutory requirements because the relief Mr. Brown received from

the writ of habeas corpus was not a finding of actual innocence, but a *Brady* violation for which a new trial was granted.

14. On May 4, 2016, Mr. Brown filed an application to cure the petition, which was denied on June 7, 2016.

15. On October 27, 2016, during an event in Houston at which Mr. Brown and I were both present, Defendant Ogg indicated to us personally that she would undertake a very serious review of the case and Mr. Brown's compensation petition if she were elected.

16. Defendant Ogg was elected Harris County District Attorney on November 8, 2016.

17. Shortly after her election, and as a follow-up to our October 27, 2016 conversation, on November 17, 2016, Defendant Ogg spoke with petition counsel and me by phone regarding Mr. Brown's case and efforts to obtain compensation.

18. During that discussion, Defendant Ogg again stated that she would be willing to review the case once in office, and consider declaring Mr. Brown actually innocent, so that he could renew his request for compensation under the statute.

19. These conversations took place within two years of the Texas Court of Criminal Appeals mandate, which came down on December 1, 2014.

20. Counsel sent a letter to Defendant Ogg on December 21, 2016 which included relevant background documents related to Mr. Brown's compensation petition, the facts and circumstances of his case, and the requirements of the

3

compensation statute.

21. Defendant Ogg took office in January 2017. On February 10, 2017, she repeated her statement in a telephone call with petition counsel, who requested an in-person meeting that would include me. Defendant Ogg agreed, and petition counsel and I met with her at her offices on March 22, 2017.

22. In the March 22, 2017 meeting, Defendant Ogg confirmed that she and her staff already were reviewing the case, that she hoped to be able to officially exonerate Mr. Brown, so that he could apply for statutory compensation, but that a final decision had not yet been made.

23. Petition counsel and I stressed the need to have a decision from Defendant Ogg before the statute of limitations ran for the instant case.

24. Defendant Ogg asked when the limitations date was, and we told her that it was June 8, 2017, the second anniversary of the date the motion to dismiss was granted. Defendant Ogg did not in any way disagree, nor did she (or her staff) in any way suggest or imply that the statute of limitations already had expired.

25. Defendant Ogg asked for copies of a document, specifically an affidavit from a witness who recanted, and the document was promptly provided.

26. At the close of the meeting, I stated that a complaint was being prepared for filing in the instant case, and Defendant Ogg said that she hoped such work would not be necessary.

27. After repeated prodding as the limitations deadline approached, Defendant Ogg ultimately reneged, but not until May 30, 2017.

4

28. At that time she explained to petition counsel and me that, "[a]lthough I have been working now for some time on Mr. Brown's case, I am not as yet prepared to give you my final response about the request for exoneration."

29. She explained that, "[b]ecause of the practical concerns related to the filing of the federal civil rights case, as well as the limitations issue, it is my suggestion that you pursue that relief for Mr. Brown independent of my judgment about his exoneration."  Thus, Defendant Ogg expressly acknowledged that limitations had not run, and recognized the need for Mr. Brown's Complaint to be filed within a few days, sooner than she could complete her review.

30. In that correspondence, Defendant Ogg also stated: "I recognize the importance of the Brown case to the accused, both of you, the victims' families, the police department and our community."

31. Mr. Brown filed the instant Complaint days later.

**I affirm, under the penalty of perjury, that this statement, consisting of five pages, is true and accurate to the best of my knowledge and belief.**

9-26-17
_____
Date

_____
BRIAN W. STOLARZ, ESQ.

5