**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALFRED DEWAYNE BROWN** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:17-cv-01749** |
| | § | |
| **CITY OF HOUSTON, TEXAS; HARRIS** | § | |
| **COUNTY, TEXAS; BRECK McDANIEL;** | § | |
| **DANIEL J. RIZZO; KIM OGG; TED** | § | |
| **C. BLOYD; and D. L. ROBERTSON** | § | |
| *Defendants,* | § | |

**OPPOSED MOTION FOR ENTRY OF PROTECTIVE ORDER**

Defendants City of Houston ("the City"), Harris County, Texas ("Harris County"), Breck McDaniel, Daniel J. Rizzo, Kim Ogg, Ted C. Bloyd, and D.L. Robertson file this Motion for Entry of Protective Order and respectfully shows the Court as follows:

**I. Basis for Motion**

1. Files maintained pursuant to section 143.089(g) of the Texas Local Government Code are confidential as a matter of law. Such files relating to the events and/or the individual Defendants made the basis of this lawsuit will be requested in discovery. Under appropriate circumstances the documents may be discoverable. However, given the sensitive nature of the documents, Defendants seek to limit disclosure of the documents to the parties in this lawsuit, and to confine the receiving parties' use of the documents to this lawsuit. Further, provisions of the Meet and Confer Agreement between the Houston Police Officer's Union, as the majority bargaining agent for all police officers, and the City, passed by the Houston City Council on February 25, 2015, as Ordinance 2015-0162, require the City to make application for a protective order limiting the use of any files maintained pursuant to Section 143.089(g) of the Texas Local Government Code, as these documents are protected from public and/or other disclosure by federal and state law

enforcement privileges. Pursuant to its obligations under the Meet and Confer Agreement, the City moves this Court to determine the relevancy of these files, or parts thereof.

2. Section 143.089(g) of the Texas Local Government Code provides in pertinent part:

> A fire or police department may maintain a personnel file on a fire fighter or a police officer employed by the department for the department's use, but the department may not release any information contained in the department file to any agency or person requesting information relating to a fire fighter or police officer.

In *City of San Antonio v. Texas Attorney General,* 851 S.W.2d 946, 949 (Tex.App.--Austin 1993, writ denied), the Court held, in pertinent part:

> We conclude the plain, simple and unambiguous terms of subsection (g) [of Section 143.089] permit only one reasonable construction--the legislature intended to deem confidential the information maintained by the City police department for its own use under subsection (g).

3. Further, Section 143.1214(b) of the Local Government Code does not allow for the release of this information. Section 143.1214(b) states in pertinent part:

> The department shall maintain an investigatory document that relates to a disciplinary action against a firefighter or police officer that was overturned on appeal, or any document in the possession of the department that relates to a charge of misconduct against a fire fighter or police officer ... only in a file created by the department for the department's use.

4. The Defendants request this Court to encompass within the scope of the protective order any and all of the internal Houston Police Department ("HPD") and Harris County files (including but not limited to Internal Affairs Division files, other divisional files, offense reports, training files and personnel files), and/or any other investigative reports, files, and/or the personnel files produced by the Defendants in this case.

5. The Defendants seeks an order from this Court mandating that the documents produced by the Defendants and described in paragraphs 1 through 4 are to be used by the parties, their attorneys

and staff, experts, court reporters, and any and all persons associated with the parties and their representatives, in reference to this lawsuit only, and that the documents produced by the Defendants are not to be disclosed, produced to, or discussed with anyone outside of this lawsuit, including but not limited to the public, media, those associated with the foregoing, and/or those associated with other lawsuits or potential lawsuits.

6. The Defendants seek an order from this Court that a proven violation of the protective order will result in use preclusion and/or monetary sanctions. That is, the violating party and his attorney will not be allowed to use the document or document(s) that were the subject of the violation at trial or at any pretrial hearing. It is also contemplated that upon a proven violation of this order, this Court may issue additional sanctions, monetary and/or otherwise against the offending party or parties.

7. The Defendants seeks an order from this Court that documents covered by the protective order may be used in pre-trial motions but must be filed under seal.

8. The Defendants seek an order from this Court that production of files and documents under the terms of the protective order will not serve as a waiver of any objections to admissibility that any of the parties, including Defendants, may have to any portion of the files and/or documents at time of trial.

9. The Defendants request that the protective order will remain in effect until further order of this Court, and that all persons, other than the parties and their attorneys, execute the included declaration of confidentiality and non-disclosure. The Defendants also seek that all documents produced by the Defendants to any party will be returned to the Defendants by the party receiving those documents within sixty (60) days of the conclusion of this litigation.

## II. Protection from Public Disclosure

10. The Defendants moves to prohibit disclosure to the public of those documents, files, or items which are produced by the Defendants to Plaintiff, or any other party, and which are identified in paragraphs 1 through 4.

11. There is good cause as to why the requested motion for protection should be granted:

    a. Protection from public disclosure is likely to violate the privacy interests of a large number of witnesses including citizens, police officers, possible public officials and/or others who have given statements and/or any given testimony in this case.

    b. There is no legitimate reason for Plaintiff to disclose this information or documentation to the public.

    c. Public disclosure of the information and documentation produced in this case could affect the ability of the parties to have a fair trial, including the ability to seat a fair and impartial jury in both civil and criminal arenas.

    d. Protection from public disclosure will promote fairness and efficiency by eliminating media tactics and strategy.

    e. Protection from public disclosure will not result in any danger of abuse. *Brittan v. Stroh Brewery Co.*, 136 F.R.D. 408, 415 (N.D.N.C. 1991).

    f. Protection from public disclosure has no effect on Plaintiff's ability or inability to prove his case. *Id.*

    g. Protection from public disclosure is a good faith attempt by Defendant to provide Plaintiff and all parties with all relevant, and/or admissible documents without having to defend itself in the media or other non-judicial public forum.

    h.      Finally, protection from public disclosure will allow the parties to freely exchange and engage in the discovery process, without the necessity of battling over or seeking judicial intervention over voluminous documents at every turn in the discovery process.

### III. Inadvertent Production Provision

12.    The Defendants seek an order from this Court that inadvertent production of any privileged or confidential document, item, or information (hereinafter "inadvertent production") is not and does not constitute waiver of the any privilege or confidentiality. The Defendants requests that the following provisions govern an inadvertent production:

    a.      The party receiving any inadvertent production shall immediately notify the Defendant's counsel upon discovering any inadvertent production and return the subject document(s) within five (5) business days of discovering same;

    b.      Upon request by the Defendants to return any inadvertent production, the receiving party will return the requested documents within five (5) days of said request;

    c.      In addition to immediate notification and the return of the inadvertent production, the receiving party will provide a written list of all persons who received, accessed, or reviewed the inadvertent production within five (5) days of discovering same or upon the Defendant's request for the return of the inadvertent production;

    d.      Inadvertent production cannot be used as evidence in any proceeding; and

    e.      Failure to adhere to the order generated from this motion, including but not limited to the inadvertent production provisions, will result in sanctions including but not limited to use exclusion as described above, attorney fees to be paid by the offending/receiving party, and/or court ordered sanctions.

13. Accordingly, the Defendants request that this Court enter a protective order regarding the documents or items produced by Defendants to any party and identified herein.

WHEREFORE, Defendants respectfully request this Court enter a protective order regarding the above referenced documents, and grant other further relief to which it may be justly entitled.

Respectfully submitted,

RONALD C. LEWIS
   City Attorney

DONALD J. FLEMING
Section Chief
Labor, Employment & Civil Rights Section

/s/ Henry N. Carnaby
HENRY N. CARNABY
Senior Assistant City Attorney
TBN: 24064014; FID: 1242021
P.O. Box 368
Houston, Texas 77001-368
Phone: (832) 393-6309
Fax: (832) 393-6259
Email: henry.carnaby@houstontx.gov

CAMELA J. SANDMANN
Senior Assistant City Attorney
State Bar No. 24077378
Fed. Bar No. 2868369
Camela.Sandmann@houstontx.gov
Tel. (832) 393-6472

CITY OF HOUSTON LEGAL DEPARTMENT
P.O. BOX 368
Houston, Texas 77001-0368
Fax (832) 393 – 6259

ATTORNEYS FOR DEFENDANTS CITY OF HOUSTON, BRECK MCDANIEL, TED C. BLOYD, AND D.L. ROBERTSON

|  | Respectfully submitted, |
|---|---|
| OF COUNSEL: | |
| VINCE RYAN<br>HARRIS COUNTY ATTORNEY | *[signature: Seth Hopkins]*<br>_____<br>SETH HOPKINS<br>Assistant County Attorney<br>Texas Bar No. 24032435<br>Federal (Southern District) No. 2043155<br>1019 Congress Plaza, 15th Floor<br>Houston, Texas  77002<br>(713) 274-5141 (telephone)<br>(713) 755-8924 (facsimile)<br>Seth.Hopkins@cao.hctx.net<br><br>ATTORNEY FOR DEFENDANTS<br>HARRIS COUNTY AND<br>KIM OGG, IN HER OFFICIAL CAPACITY |
| OF COUNSEL:<br><br>VINCE RYAN<br>HARRIS COUNTY ATTORNEY | /S/ Suzanne Bradley_____<br>**SUZANNE BRADLEY**<br>Assistant County Attorney<br>Federal ID No. 24567<br>State Bar No. 00793375<br>1019 Congress, 15th Floor<br>Houston, Texas 77002<br>Telephone:  (713) 274-5330<br>Facsimile:  (713) 755-8924<br>Suzanne.Bradley@cao.hctx.net<br><br>ATTORNEY FOR DEFENDANT<br>DANIEL J. RIZZO |

## **CERTIFICATE OF CONFERENCE**

On November 21, 2017, the parties attorneys conferred by conference call regarding the filing of an agreed motion for protective order but were unable to reach an agreement on the scope and terms of the proposed order.

/s/ Henry N. Carnaby_____
Henry N. Carnaby

**CERTIFICATE OF SERVICE**

  I certify that on November 22, 2017**,** a copy of the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to the following counsel of record:

David Brill
LECLAIRRYAN
1233 West Loop South, Suite 1000
Houston, Texas 77027

Cate Edwards
EDWARDS KIRBY
3201 Glenwood Aveue, Suite 100
Raleigh, North Carolina 27612

Suzanne Bradley
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002

Seth Hopkins
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002

               */s/ Henry N. Carnaby*
               Henry N. Carnaby