IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALFRED DEWAYNE BROWN. <br><br> **Plaintiff,** <br><br> v. <br><br> CITY OF HOUSTON, TEXAS, <br> HARRIS COUNTY, TEXAS, <br> KIM OGG, *in her official capacity*, <br> BRECK MCDANIEL, <br> TED C. BLOYD, AND <br> D.L. ROBERTSON, <br><br> **Defendants.** | Civil Action No. 4:17-CV-01749 |

**SUPPLEMENT TO PLAINTIFFS' OPPOSITION TO DEFENDANTS
HARRIS COUNTY AND KIM OGG'S MOTION FOR RECONSIDERATION
AND FRCP RULE 12(b)(1) MOTION TO DISMISS**

On Friday, March 2, 2018, separate and distinct from any other documents requested, Defendants Harris County and Kim Ogg ("County Defendants") produced to Plaintiff a critical piece of evidence that has a bearing on County Defendants' pending Motion for Reconsideration and Fed. R. Civ. P. 12(b)(1) Motion to Dismiss. In light of that evidence, attached hereto as **Exhibit 1**, Plaintiff submits this supplemental response to the County Defendants' Motions.

The evidence is an email from Defendant Breck McDaniel to Assistant District Attorney Daniel Rizzo ("ADA Rizzo") that details and demonstrates the existence of the phone records that ultimately exonerated Mr. Brown. The email, dated April 22, 2003,

1

from Defendant McDaniel states that the records constitute a "new development" in the case:

> I hoping that it would clearly refute Erica's claim that she received a call at work… from [Mr. Brown] at about 10 a.m. or so from her apartment, thereby putting him at the apartment as an alibi as the nephews [*sic*] claim.  But, it looks like the call detail records from the apartment shows that the home phone dialed Erica's place of employment on Hartwick Street at about 8:30 A.M. and again at 10:08A.M. Erica claimed that the caller identification at the Hartwick house showed the apartment.

Ex. 1.

As outlined in Mr. Brown's complaint, the District Attorney's office repeatedly called the failure to disclose these records "inadvertent" after the records were purportedly "discovered" in the home garage of Defendant McDaniel. (*See*, *e.g.*, Compl. ¶¶ 126, 136.)  This evidence, however, directly contradicts that claim.  To the contrary, this email makes clear that ADA Rizzo was fully aware of the existence, availability and significance of the phone records that corroborated Mr. Brown's alibi that he was at his girlfriend, Ericka Dockery's, apartment at the time of the murders.  He intentionally ignored the records and, instead, pressed on for an indictment of Mr. Brown; he did not obtain that indictment for three months after receiving this email.  When ADA Rizzo ultimately prosecuted Mr. Brown, seeking the death penalty for capital murder, he continued to intentionally ignore these critical phone records, as well as his constitutional obligation to turn them over to Mr. Brown and his defense team.

This evidence confirms that the Court correctly ruled in its December 26, 2017 Memorandum and Opinion that the County Defendants can be held liable for its "do whatever it takes" policy, custom and practice.  As that policy drove ADAs to

intentionally flout their constitutional responsibilities, the County Defendants can—and should—be held liable for ADA Rizzo's intentional misconduct. Indeed, the email supports several critical components of the County's culpability, including that the prosecutors' actions amounted to a local custom or policy and that there are actionable §1983 claims for the prosecutor's conduct. *Brummett v. Camble*, 946 F.2d 1178, 1182–83 (5th Cir. 1991). Moreover, it is demonstrative of Defendant Ogg's "final policymaking authority" over the conviction culture that drives the unconstitutional conduct of her employee prosecutors, and the selection of those prosecutors, that makes her liable for their conduct. *See, e.g., Walsweer v. Harris Cty.*, 796 S.W.2d 269, 272 (Tex. App. 1990)(holding county liable because "it is also clear that a county is liable under Section 1983 for civil rights violations resulting from the actions of a county official who had "'final policymaking authority'" over the selection, training, qualification and activities of deputy constables)(citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)).

Further, as to Defendants' 12(b)(1) Motion, this email correspondence evinces the causation element of standing. Given this evidence, there can be no real debate about whether Mr. Brown's injury is "fairly traceable" to Defendants' actions. The evidence reveals a clear picture of Harris County's unconstitutional "do whatever it takes" policies, practices and customs and the force they had on prosecutorial decision making—indeed, they drove ADA Rizzo to intentionally turn a blind eye to the critical, documentary evidence that corroborated Mr. Brown's alibi.

## **CONCLUSION**

In light of this evidence, attached as Exhibit 1, as well as the arguments advanced in his original opposition, Plaintiff respectfully requests that the Court deny County Defendants' Motion for Reconsideration and Fed. R. Civ. P. 12(b)(1) Motion to Dismiss.

Date: March 9, 2018                                                                Respectfully submitted,

                                                                    EDWARDS KIRBY

By: _____/s/ Catharine E. Edwards_____
                                                              Catharine E. Edwards
                                                              California Bar No. 304137
                                                              3201 Glenwood Avenue, Suite 100
                                                              Raleigh, North Carolina 27612
                                                              (919) 780-5400 Telephone
                                                              (919) 800-3099  Facsimile
                                                              E-Mail: cedwards@edwardskirby.com
                                                              *Admitted *Pro Hac Vice*

                                                                    LECLAIRRYAN
                                                              By: /s/ David Brill
                                                              David Brill
                                                              Texas State Bar No. 02993800
                                                              Southern District Bar No. 83566
                                                              1233 West Loop South, Suite 1000
                                                              Houston, Texas 77027
                                                              (713) 752-8313 Telephone
                                                              (713) 650-0027 Facsimile
                                                              E-Mail: david.brill@leclairryan.com

                                                              ATTORNEYS-IN-CHARGE FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on the 9th day of March, 2018 a true and correct copy of the foregoing document was delivered to all counsel of record via the CM/ECF System and served by electronic notice to all parties of record.

By: _____
Catharine E. Edwards