THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALFRED DEWAYNE BROWN,<br><br>*Plaintiff*<br><br>vs.<br><br>CITY OF HOUSTON, TEXAS;<br>HARRIS COUNTY, TEXAS;<br>BRECK McDANIEL;<br>KIM OGG; TED C. BLOYD; and<br>D.L. ROBERTSON,<br><br>*Defendants.* | CIVIL ACTION NO. 4:17-CV-01749<br><br>JURY TRIAL |

## PLAINTIFF'S MOTION TO LIFT STAY

Plaintiff Alfred Dewayne Brown, by and through his attorneys, hereby moves to lift the stay imposed on May 30, 2018, and to reinstate this case to the active docket. Mr. Brown is ready to proceed with the litigation of his claims against Defendants, and it would be unfair to require him to continue to wait. Pursuant to L.R. 7.1(D), Plaintiff's counsel has conferred with counsel for the Defendants, and the parties cannot agree about the disposition of this Motion.

## PROCEDURAL BACKGROUND

Plaintiff Alfred Dewayne Brown was wrongfully convicted of the tragic homicide of Officer Charles Clark, which occurred during the robbery of an Ace Check Cashing store in South Houston on April 3, 2003. (Compl. ¶ 32.) On November 5, 2014, the Texas Court of Criminal Appeals issued an order vacating Mr. Brown's conviction and sentence,

and remanded the case to the trial court for "a new trial or other proceeding consistent with this opinion." On June 8, 2015, the Harris County District Attorney moved to dismiss the case against Mr. Brown for insufficient evidence, which the District Court granted. (Compl. ¶ 140.)  Later that day, Mr. Brown was released from custody. (Compl. ¶ 141.)

Plaintiff filed the instant action on June 8, 2017, asserting claims against each of Defendants under 42 U.S.C. § 1983 for violations of his constitutional rights.  After the first round of dispositive motions, the Court entered a Scheduling and Docket Control Order on January 8, 2018, setting the schedule for discovery, motions and docket call in this matter.  At that point, written discovery commenced in this matter.  Due to the voluminous discovery requests and responses required by the subject matter of this lawsuit, the written discovery process moved slowly.  As a result, and because of Plaintiff's counsel's maternity leave from April to mid-May 2018, the parties jointly moved for, and the Court granted, an extension of the discovery deadlines on March 27, 2018.

The discovery process, however, was halted on May 2, 2018, when District Attorney Ogg ordered an independent investigation into Plaintiff Brown's claim of "actual innocence" in his criminal case. On May 14, 2018, the Court held a status conference with the parties regarding the investigation (Dkt. 66) and, at the Court's request, Defendant Harris County filed a status report on May 25, 2018, indicating that the investigation was expected to be complete at the end of August 2018 (Dkt. 71).  As a result, on May 30, 2018, the Court stayed this litigation pending resolution of the independent investigation. Further, the Court ordered the parties to "file any motion to lift the stay and reinstate the

2

case to the active docket within 14 days after the independent investigation is concluded." (Dkt. 72.)

Rather than a few months, the investigation took nearly a year. Finally, on March 1, 2019, District Attorney Ogg announced that the investigation had been completed, that it concluded that Mr. Brown was "actually innocent," and that she agreed with the conclusion. District Attorney Ogg released Mr. Raley's report and filed an Amended Motion to Dismiss in the 351st District Court of Harris County, seeking an express order by the state court that Mr. Brown was actually innocent. The motion was signed by D.A. Ogg and included Mr. Raley's report as the sole exhibit. On March 20, 2019, this Court granted the parties' request for an extension of the time to reinstate this action to the active docket once D.A. Ogg's Motion had been ruled upon by the state court. On May 3, 2019, the state court granted the Amended Motion to Dismiss, confirming that Mr. Brown is actually innocent.

On May 9, 2019, Mr. Brown filed a Request for Wrongful Imprisonment Compensation with the Office of the Comptroller of the State of Texas, pursuant to the state's Tim Cole Act. On May 28, 2019, the Court granted the parties' second request for an extension of the time to move to lift the stay, because the Comptroller had not yet ruled on Mr. Brown's petition. That Order required that the parties "file any motion to lift the stay and reinstate the case to the active docket within 14 days after the Office of the Comptroller of the State of Texas rules on Mr. Brown's Request for Wrongful Imprisonment Compensation." (Dkt. No. 80.) On June 24, 2019, the Comptroller denied Mr. Brown's petition. (Ex. 1.)

## ARGUMENT

In light of the recent decision of the Comptroller, Plaintiff respectfully moves this Court to lift the stay and return this case to the active docket. It is well-established that litigation stays should not be indefinite or immoderate in duration. *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). The original purpose for staying this matter—to allow Special Prosecutor John Raley to complete his investigation into Mr. Brown's claim of actual innocence—has long been concluded. District Attorney Ogg's Amended Motion to Dismiss, declaring Mr. Brown actually innocent, has been granted. Mr. Brown submitted his application for compensation with the Texas State Comptroller, and the application was denied. Though Mr. Brown has continued recourse under the state statute, it would be unfair, impractical and unnecessary to continue the stay of this litigation while he pursues that lengthy process.

To fully exhaust his administrative remedy under the compensation statute, Mr. Brown is required, within 30 days of the denial letter, to "submit an application to cure any problem identified." Tex. Civ. Prac. & Rem. Code § 103.051. The Comptroller then has 45 days to issue a determination on that application. *Id.* The "problem identified" in the Comptroller's denial letter is that "it is not clear that the district court" that granted the District Attorney Ogg's amended motion to dismiss "had jurisdiction to withdraw and reenter a dismissal." (Ex. 1 at 2.) Though Mr. Brown and his lawyers believe the Comptroller is wrong, and that the Comptroller has no authority under the statute to even make such a judgment, this is not a situation where the basis of the Comptroller's denial is something that can be "cured." The Comptroller did not identify, for example, any missing

4

documentation, the provision of which would cause him to change his decision. Unless the Comptroller simply changes his mind on these legal issues that he is unqualified and unauthorized to address, Mr. Brown's renewed application "to cure" will be denied.

If the Comptroller denies Mr. Brown's renewed application, Mr. Brown then would have standing to seek relief through a petition for mandamus filed in the Texas Supreme Court. Tex. Civ. Prac. & Rem. Code § 103.051. Based on the foregoing timeline, the petition for mandamus would likely be filed in September 2019 at the earliest. As this Court knows, it is impossible to predict how long it would take for the case to be fully briefed, argued, and decided in the Texas Supreme Court, but it could take a very long time.

Mr. Brown was first incarcerated over 16 years ago, and was released from custody more than four years ago. He filed this civil case more than two years ago, and it has been stayed for more than a year. Litigation remains frozen in the early stages of the discovery process. This case is paradigmatic of the age-old adage "justice delayed is justice denied." It is time for Mr. Brown to finally have an opportunity to fully litigate his claims against the Defendants. Mr. Brown stands ready to pursue his civil claims, and respectfully requests this Court allow him to do so by lifting the stay and reinstating his case to the active docket.

Given the unexpected length of the stay in this matter, the discovery plan currently in place is long outdated. When this case returns to the active docket, the Court will need to issue a new order to govern the deadlines for discovery and motions, as well as the docket call. Plaintiff suggests that the Parties be given fourteen (14) days from the date on

which the stay is lifted to submit a proposed Amended Scheduling and Docket Control Order for the Court's consideration.

## **CONCLUSION**

Plaintiff Brown respectfully requests that this Court grant this motion, lift the stay and return this matter to the Court's active docket.

Date: June 27, 2019                                                     Respectfully submitted,

                                                                        EDWARDS KIRBY

                                        By:         */s/ Catharine E. Edwards*
                                                           Catharine E. Edwards
                                                         California Bar No. 304137
                                                    3201 Glenwood Avenue, Suite 100
                                                       Raleigh, North Carolina 27612
                                                           (919) 780-5400 Telephone
                                                            (919) 800-3099 Facsimile
                                                 E-Mail: cedwards@edwardskirby.com
                                                            *Admitted *Pro Hac Vice*

                                                                        LECLAIRRYAN
                                                            By: */s/ Trevor A. Hall*
                                                                    Trevor A. Hall
                                                        Texas State Bar No. 24078617
                                                    Southern District Bar No. 3083689
                                                    1233 West Loop South, Suite 1000
                                                              Houston, Texas 77027
                                                           (713) 654-1111 Telephone
                                                            (713) 650-0027 Facsimile
                                                  E-Mail: trevor.hall@leclairryan.com

                                                            ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on the 27th day of June, 2019 a true and correct copy of the foregoing document was delivered to all counsel of record via the CM/ECF System and served by electronic notice to all parties of record.

By: /s/ *Catharine E. Edwards*
Catharine E. Edwards