IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ALFRED DEWAYNE BROWN, § | |
|     *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 4:17-cv-01749 |
| § | |
| CITY OF HOUSTON, TEXAS; § | |
| HARRIS COUNTY, TEXAS; BRECK § | |
| McDANIEL; DANIEL J. RIZZO; § | |
| KIM OGG; TED C. BLOYD; and § | |
| D. L. ROBERTSON, § | |
|     *Defendants*. § | |

**DEFENDANTS CITY OF HOUSTON, BRECK McDANIEL, TED C. BLOYD and D.L. ROBERTSON'S RESPONSE TO PLAINTIFF'S MOTION TO LIFT STAY**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants CITY OF HOUSTON, BRECK McDANIEL, TED C. BLOYD and D.L. ROBERTSON (collectively "City Defendants") file this their Response to Plaintiff's Motion to Lift Stay [Doc. #81]. In support of said response, City Defendants would respectfully show the Court as follows:

### I.  STATEMENT OF THE NATURE AND STAGE OF PROCEEDING

1.  This case involves claims of violation of civil and constitutional rights stemming from the 2003 prosecution and conviction of Plaintiff for capital murder [Doc. #1]. On or about June 8, 2015, the capital murder charges against Plaintiff were dismissed for insufficient evidence and he was released from custody. Plaintiff seeks damages for the 12-years he spent in prison.

2.  On or about May 30, 2018, the Court stayed the proceedings in the case at bar pending the outcome of the re-investigation of the criminal charges against Plaintiff by a special prosecutor [Doc. #72]. The special prosecutor concluded his re-investigation in March 2019 and concluded

that Plaintiff was "actually innocent." On or about May 3, 2019, the 351st District Court signed an amended order dismissing Plaintiff's capital murder case on the grounds of "actual innocence."

3. On or about May 9, 2019, Plaintiff filed his application for compensation with the State of Texas Comptroller. On or about May 28, 2019, the parties filed an agreed motion to extend the stay previously entered in this case in order for the State Comptroller to rule on Plaintiff's application. The Court granted said motion. On or about June 24, 2019, Plaintiff's application for compensation was denied by the State of Texas. Plaintiff has stated that he will be seeking reconsideration of this denial from the Comptroller and Texas Supreme Court, if necessary.

4. Until June 27, 2019, the parties have agreed that Plaintiff should be allowed to exhaust his administrative remedies relating to his request for state compensation for his wrongful incarceration. Clearly, he has not done such and continues to pursue his request for state compensation, which if granted would bar this lawsuit. *See* Tex. Civ. Prac. & Rem. Code 103.153; [Doc. #81, pg. 4 – "Mr. Brown has continued recourse under the state statute"]. As a result, the prior agreement should remain in effect and Plaintiff has proffered no evidence that he would be harmed if the stay was left in place.

5. City Defendants join the arguments made by co-defendants in their response to Plaintiff's motion to lift stay [Doc. #82]. In addition to co-defendants' argument and for the reasons stated herein, City Defendants move the Court to deny Plaintiff's motion to lift stay.

## II.   STATEMENT OF ISSUES AND STANDARD OF REVIEW

6. The issue to be ruled upon by the Court regarding Plaintiff's motion to lift stay is as follows:

> Whether the Court should grant Plaintiff's motion to lift stay and re-instate this lawsuit to an active docket?

7. **Standard of Review.** "The propriety of issuing a stay depends on the circumstances of the particular case." *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Circuit 2013)(citation omitted). A district court has "broad, but not unlimited, discretion to stay proceedings 'in the interest of justice and in control of their dockets." *Beran v. World Telemetry, Inc.*, 747 F. Supp. 2d 719, 723 (S.D. Tex. 2010)(quoting *Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541, 545 (5th Cir. 1983)). In determining whether to grant a discretionary stay, the district court should consider (1) the likelihood of success on the merits; (2) if movant will be irreparably harmed absent a stay; (3) if non-movant will be substantially injured by issuance of the stay; and (4) if public interest favors a stay. *See Weingarten Realty Investors v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011)(citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

### III.  ARGUMENT AND AUTHORITY

A.  **Plaintiff's Motion to Lift Stay Should be Denied**

9.  **Election of Remedies under State Law.**  Section 103.153, Texas Civil Practice & Remedies Code, establishes conditional immunity for local governments and its employees. *See State v. Oakley*, 227 S.W.3d 58, 63 (Tex. 2007). An individual who receives compensation under this statute is prohibited from suing a local government and its employees for any action involving the same subject matter. *Id*; *see also* Tex. Civ. Prac. & Rem. Code 103.153. Simply stated, this statute creates an "election of remedies."

10.  Plaintiff is seeking compensation under this statute for the same conviction that is at issue in the federal lawsuit. He has unequivocally admitted that he is continuing to seek compensation for his wrongful incarceration from the State of Texas [Doc. #81, pg. 4 – "Mr. Brown has continued recourse under the state statute"]. Plaintiff should not be able to obtain duplicative recoveries or forum shop to see which claim (state or federal) pays first. Plaintiff, who will obtain his justice in

either case, will not be harmed by maintaining the May 28, 2019 stay ("May 28 stay"). The May 28 stay prevents a clear inequity to all the named defendants who would be required to defend the federal lawsuit at the same time Plaintiff is seeking compensation under state law. *See Gigi's Cupcakes, LLC v. 4 Box LLC*, 2019 WL 1767003 *1 (N.D. Tex. 2019)(citation omitted). More importantly, judicial economy is served by maintaining the May 28 stay because the federal lawsuit will be required to be dismissed when Plaintiff receives compensation under §103.153.

11. **Likelihood of Plaintiff's Success on the Merits.** Again, Plaintiff has admitted that he is continuing to seek compensation for his wrongful conviction from the State of Texas [Doc. #81, pg. 4 – "Mr. Brown has continued recourse under the state statute"]. He clearly is prepared to take the state claim all the way to the Texas Supreme Court, if necessary [Doc. #81]. Common sense dictates that if Plaintiff did not believe he would be successful in his state claim, he would not be pursuing the path of recourse under the state statute. Therefore, maintaining the May 28 stay will not cause any harm to Plaintiff. City Defendants move this Court to deny Plaintiff's motion to lift the stay.

12. **Irreparable injury to City Defendants**. "Irreparable harm is 'harm for which there is no adequate remedy at law.'" *Daniels Health Sciences, L.L.C. v. Vascular Health Sciences, L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013). City Defendants will suffer irreparable injury, absent the stay, if forced to defend this federal lawsuit while Plaintiff has a parallel proceeding for recourse under state statute because City Defendants are entitled to immunity and not subject to suit. While both federal and state claims are pending, there is a potential for inconsistent rulings relating to Plaintiff's claim of "actual innocence" that will weigh on the immunity question. Specifically, if this federal case proceeds to verdict and then Plaintiff receives state compensation, City Defendants would be deprived of their statutory immunity pursuant to the election of remedies

4

provision in §103.153. Texas Civil Practice & Remedies Code.  Furthermore, to the extent the verdict is in Plaintiff's favor, Plaintiff would receive a double recovery that is wholly antithetical to the compensation scheme.  Moreover, the City Defendants are not parties to the administrative proceeding and therefore lack the ability to prevent this harm by bringing it to the attention of the comptroller.  Indeed, in determining Plaintiff's eligibility for compensation, §103.051 prohibits the Comptroller from considering any documents other than the verified application packet Plaintiff submitted.  *See* Tex. Civ. Prac. & Rem. Code §101.051(b-1).  It is entirely unclear whether the City Defendants would have standing to pursue mandamus to enforce the election of remedies provision in the state claim. Accordingly, the only way to prevent irreparable harm to the City Defendants is to await final resolution of the state claim before lifting the stay of this proceeding.

13.     **Substantial Harm to Plaintiff**.  Plaintiff argues that he would be harmed if the federal case remains stayed because "justice delayed is justice denied" [Doc. #81, pg. 5].  This is nothing more than a dramatic attempt to pull the heartstrings of the Court.   All the evidence has been preserved in multiple investigations (original criminal investigation, 2015 re-investigation and special prosecutor's investigation) and thus, the passage of additional time will not impact this case. The only potential injury faced by Plaintiff is the delay in vindication of his claim. Therefore, maintaining the May 28 stay will not cause substantial harm to Plaintiff.

14.     Additionally, there is no evidence that the stay would be indefinite. As pointed out by co-defendant, Plaintiff has procedural mechanisms available to him to expedite the matter once he files with the Texas Supreme Court.  His contention that the delay could take a very long time is based on pure speculation.

15.     **Public interest**.  Public interest of efficient allocation of judicial resources and taxpayer funded resources of the government favors staying this federal lawsuit because there is a potential

for inconsistent rulings if the Texas Supreme Court rules that Plaintiff is not "actually innocent." Further, Plaintiff should not be able to obtain duplicative recoveries or forum shop to see which claim (state or federal) pays first. Plaintiff will obtain a resolution in one of these cases, with the likelihood of the state claim being resolved first. Simply stated, Plaintiff will obtain vindication of his claim with the May 28 stay left in place. Therefore, Plaintiff's request to lift the stay is contrary to judicial economy and ultimately contrary to public interest.

**B.       Conclusion**

16.     For the reasons stated above coupled with co-defendants arguments [Doc. #82], the Plaintiff's motion to lift stay should be denied and the Court's May 28th stay should not be disturbed until the completion of Plaintiff's state claim.

WHEREFORE, PREMISES CONSIDERED, Defendants CITY OF HOUSTON, BRECK McDANIEL, TED C. BLOYD and D.L. ROBERTSON pray that this Court deny Plaintiff's motion to lift stay and for all other relief to which this defendant is justly entitled.

                Respectfully submitted,

                RONALD C. LEWIS
                City Attorney

                DONALD J. FLEMING
                Section Chief
                Labor, Employment, & Civil Rights

                JENNIFER F. CALLAN
                Senior Assistant City Attorney
                ATTORNEY IN CHARGE
                SBN: 00793715
                FBN: 22721
                Phone: (832) 393-6286 (direct)
                Jennifer.Callan@houstontx.gov

        CHRISTY L. MARTIN
Senior Assistant City Attorney
SBN: 24041336
FBN: 754168
Phone: (832) 393-6438 (direct)
Christy.Martin@houstontx.gov

City of Houston Legal Department
P.O. BOX 368
Houston, TX 77001-0368
Main: (832) 393-6491
Fax: (832) 393-6259

**ATTORNEY FOR DEFENDANTS CITY OF HOUSTON, BRECK MCDANIEL, TED C. BLOYD, AND D.L. ROBERTSON**

## CERTIFICATE OF SERVICE

I certify that the above and foregoing Notice of Entry of Appearance was electronically filed with the Clerk of the court using the CM/ECF system, which will send notification to the attorney(s) of record listed below:

    David Smith Brill
    Trevor A. Hall
    LeClairRyan
    1233 West Loop South, Suite 1000
    Houston, TX 77027

    Catharine Edwards
    Edwards Kirby
    3201 Glenwood Ave., Suite 100
    Raleigh, NC 27612

    Seth Hopkins
    Celena Vinson
    Stan Clark
    Harris County Attorney's Office
    1019 Congress Plaza, 15th Floor
    Houston, TX 77002

        */s/ Jennifer F. Callan*
        Jennifer F. Callan