THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALFRED DEWAYNE BROWN, *Plaintiff* vs. CITY OF HOUSTON, TEXAS; HARRIS COUNTY, TEXAS; BRECK McDANIEL; KIM OGG; TED C. BLOYD; and D.L. ROBERTSON, *Defendants.* | CIVIL ACTION NO. 4:17-CV-01749 JURY TRIAL |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO LIFT STAY

Defendant Harris County opposes Plaintiff's Motion to Lift Stay in this matter, on grounds that are factually and legally erroneous. Namely, Defendant misconstrues the language of Texas Civil Practices & Remedies Code § 101.153 to bar Mr. Brown's instant civil lawsuit. It does not. Defendants' brief misstates the law, evades key precedent, and mischaracterizes pertinent facts, including the original reasons for staying this matter. Defendant attempts to further stonewall Mr. Brown's civil rights claims, but provides no legitimate basis for the relief is seeks – complaining primarily of the costs of litigation. That does not and cannot justify a continued stay of this case. Mr. Brown should now be permitted to pursue his civil rights claims against Harris County, the City of Houston and the individual Defendants.

## FACTUAL CLARIFICATIONS

As an initial matter, Defendant's Response is littered with factual inaccuracies that must be corrected.[1] First, Defendant repeatedly and erroneously asserts that Mr. Brown intended to and agreed to stay this case pending absolute completion of his application to the Texas Comptroller. Defendant incorrectly states: Mr. Brown "represented to the Court that this case should be stayed pending his application for compensation from the State of Texas" (Def. Br. at 1); "[u]ntil last week, the parties had an agreement that allowed Brown to prosecute his state claim while his federal case was stayed" (Def. Br. at 1); and "the parties and Court agreed that his federal case should be stayed until the state process was complete." (Def. Br. at 2.)

Each of those assertions is incorrect. Mr. Brown and his counsel have steadfastly agreed to stay this case pending a <u>ruling</u> from the Texas State Comptroller. (Ex. 1.) As evidenced by the actual language in the parties' joint submission to the Court, Mr. Brown, as well as Defendants, agreed "that this case should not proceed **until the Texas Comptroller rules** on Mr. Brown's Request for Wrongful Imprisonment Compensation." (ECF No. 79 at 2)(emphasis added). The Court then ordered that the parties file any motion to lift stay and reinstate the case to the active docket within 14 days **after the Office of the Comptroller of the State of Texas rules** on Mr. Brown's Request for Wrongful

---

[1] Defendant also makes thinly-veiled accusations directed at Plaintiff's counsel, which lack relevance to the Court's analysis. As such, Plaintiff does not address those but, for the record, also does not concede that any requests were ignored, misrepresentations made, or agreements dishonored.

Imprisonment Compensation." (ECF No. 80)(emphasis added). As the Comptroller has now ruled, Mr. Brown seeks to move forward with this case.[2] (ECF No. 81-1.)

Defendant's brief is also misleading as to the Comptroller's decision and the process by which Mr. Brown will appeal it. First, Defendant has asserted that "the Comptroller provided Brown an opportunity to resubmit his application." (Def. Br. at 1.) In fact, resubmission of his application to cure any defect is not an "opportunity" provided by the Comptroller, but rather a statutory requirement for administrative exhaustion. Tex. Civ. Prac. & Rem. Code § 103.051 (d). Second, Defendant incorrectly states that the Texas Comptroller "asked [Mr. Brown] to clarify a jurisdictional question." (Def. Br. at 3.) The Comptroller actually stated: "[i]t is not clear that the district court had jurisdiction to withdraw and reenter a dismissal, or enter a second dismissal in Mr. Brown's case" and that, as a result… "his claim cannot be approved." (ECF No. 81-1 at 3.) Nowhere does the Comptroller make any express request from Mr. Brown, as Defendant asserts; Mr. Brown will, however, address this issue in his amended submission to the Comptroller in an effort to cure the alleged problem with his application.

Lastly, and significantly, Defendant woefully mischaracterizes the instant lawsuit as "a claim that Brown anticipates dismissing." (Def. Br. at 3.) It is unclear why Defendant believes, or perhaps hopes, that Mr. Brown will dismiss this lawsuit. He has never planned to dismiss this lawsuit and has never expressed or implied that he will dismiss this lawsuit.

---

[2] Indeed, Plaintiff does not doubt that, had he waited to move to reinstate this case until the conclusion of the lengthy process to overturn the Comptroller's decision, Defendant would then have asserted that he *missed* the 14-day deadline set forth in the Court's order.

3

To be absolutely clear, Mr. Brown intends to vigorously pursue these claims and does not "anticipate" dismissing them.

## **LEGAL STANDARD**

Defendant dedicated over half of its brief to analyzing the inapposite four-factor test for whether a stay should be issued pending an interlocutory appeal. *Cruson v. Jackson Nat'l Life Ins. Co.*, No. 4:16-CV-00912, 2018 WL 2937471, at *2 (E.D. Tex. June 12, 2018)(setting forth the quoted test for "Courts determining whether to issue a stay pending appeal"). Obviously, the issue presented to this Court is not whether to stay the instant case pending an interlocutory appeal.

The proper standard for a court ruling on a motion to lift a stay – a discretionary determination – is whether that stay continues to be justified based on "the 'present day realities' in light of the existing situation." *United States v. Bazemore*, No. 3:09-CV-2237-P, 2011 WL 13291789, at *1 (N.D. Tex. Feb. 11, 2011)(citing *Landis v. N. Am. Co.*, 299 U.S. 248, 258 (1936)). A court's discretionary authority to stay matters or lift a stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (citing *Landis*, 299 U.S. at 254-55). This determination "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Landis*, 299 U.S. at 254-55). Accordingly, the Court should weigh *"*the competing interests, as they now exist, in order to determine whether the equities continue to justify a stay. *Id.* (citing *In re Beebe*, 56 F.3d 1384, at *3 (5th Cir. 1995)(*per curiam*)(unpublished)).

# ARGUMENT

I.   **Mr. Brown May Pursue His Claims Against Defendants In This Civil Case, Because He Brought This Suit Before Receiving State Compensation Monies.**

Defendant's argument is predicated on the legally erroneous assumption that Mr. Brown cannot pursue his claims against the County, City and individual defendants through this civil lawsuit when he may also have a Tim Cole Act claim. That is wrong.

Defendant relies heavily on its conclusory and unsupported opinion that Tex. Civ. Prac. & Rem. Code § 103.153 (also known as the "Tim Cole Act") precludes all suits against governmental entities and employees for wrongful incarceration. To defend this position, Defendant inaccurately paraphrases the Tim Cole Act. The purported exclusivity provision of the statute is entitled, "Employees Not Liable **After** Payment of Compensation." Tex. Civ. Prac. & Rem. Code § 103.153 (emphasis added). The provision reads, in pertinent part:

> A person who receives compensation under this chapter may not bring any action involving the same subject matter, including an action involving the person's arrest, conviction, or length of confinement, against any governmental unit or an employee of any governmental unit.

Tex. Civ. Prac. & Rem. Code § 103.153 (b). The plain language of the statute makes clear that the Act precludes a claimant who *receives* compensation from, thereafter, ***bringing an action*** involving the same subject matter. When a statute's language is clear on its face, force must be given to the plain meaning of the statute. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S. Ct. 1026, 1031, 103 L. Ed. 2d 290 (1989) (legislation's plain meaning "should be conclusive, except in the 'rare cases [in which] the

5

literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'")

By its plain language, the Act does not bar a plaintiff from pursuing a claim *before* he receives compensation under the Act. Indeed, by its title alone, government employees are only exempted from liability claims after payment of compensation is made. The Supreme Court of Texas, in *State v. Oakley*, held that a wrongfully incarcerated man could receive compensation from the State under the Tim Cole Act after he had already settled civil rights claims brought against the City of Austin in federal court. The *Oakley* court explained:

> [T]his provision explicitly makes sequence important. By limiting this provision to a person who "receives" compensation from the State, the Legislature barred other suits only by those who have Chapter 103 funds in hand, not those who may be entitled to them in the future. Until receipt occurs, the plain language of the statute does not allow other government entities to use Chapter 103 as a defense.

*State v. Oakley*, 227 S.W.3d 58, 63 (Tex. 2007).

As Mr. Brown has not yet received any compensation from the State pursuant to his Tim Cole Act application, he is not barred from pursuing his civil claims in this Court and should be permitted to do so.[3]

### II. The Stay Should Be Lifted, Based On The Weight Of The Interests And Equities As They Currently Exist.

Over two years ago, Mr. Brown filed his civil rights claims against Defendants Harris County, City of Houston, Ogg, McDaniel, Bloyd and Robertson for violations of

---

[3] Mr. Brown does not concede that, if he were to receive compensation under the Tim Cole Act, his civil rights claims would then be barred. As he has not yet received any such funds, however, that issue is not presently before the Court and need not be addressed.

§ 1983 that led to his wrongful conviction and death sentence. Defendant has named no competing interest that outweighs Mr. Brown's considerable interest in prosecuting these claims as soon as possible. Accordingly, the stay of this case should be lifted and this matter should be returned to the active docket.

### A. The Competing Interests, As They Now Exist, Do Not Justify Continuation Of The Stay.

As mentioned *supra*, in determining whether to a lift a stay, the Court must look to "the competing interests, as they now exist, in order to determine whether the equities continue to justify a stay." *Id.* (citing *In re Beebe*, 56 F.3d 1384, at *3 (5th Cir. 1995)(*per curiam*)(unpublished)). The interests as of today – particularly the lengthy delay Mr. Brown has already endured and his right to pursue his civil claims – no longer justify a stay of this case.

First, and as outlined in Plaintiff's opening brief, Mr. Brown has long awaited the opportunity to pursue his lawsuit against Harris County, the City of Houston and the individual defendants. He was first incarcerated over 16 years ago, was released from custody more than four years ago, and filed this case more than two years ago, which has been stayed for over a year. As nothing stands in the way of Mr. Brown's prosecution of these civil rights claims, it is time for him to finally be permitted to fully litigate them.

Second, the original reason for staying this case – Mr. Raley's investigation and related proceedings – no longer exists. Indeed, this case could not, as a practical matter, have been prosecuted during Mr. Raley's independent investigation. The purpose of that investigation was to make a recommendation to District Attorney Ogg "as to whether the

7

Harris County District Attorney's Office should seek to declare Brown actually innocent, prosecute Brown for capital murder, prosecute another individual for capital murder or conclude that insufficient evidence exists to convict Brown, thereby maintaining the status quo." (ECF No. 71 at 2.) Among other issues, given the potential for criminal re-prosecution, Mr. Brown would likely have been forced to exercise his Fifth Amendment rights, preventing him from pursuing his claims with vigor. That is no longer problematic, as Mr. Raley's investigation found Mr. Brown to be actually innocent of murder.

Third, Mr. Brown has an inherent interest in – indeed, a right to – pursue the civil rights claims he has brought against Defendants in this case. That right will be substantially hindered if these claims continue to be stayed, as it would effectively deny him the remedy that he seeks. *Blake v. Peake*, No. CIV.A. H-04-1068, 2008 WL 5114655, at *3 (S.D. Tex. Dec. 3, 2008)(Rosenthal, J.)(denying plaintiff's motion to lift stay "would be tantamount to the entry of a default judgment against her").

Lastly, Defendant is simply incorrect that the prosecution of this case is a waste of resources because (allegedly) it will ultimately be dismissed. As discussed in detail *supra*, Mr. Brown is entitled to – and fully intends to – proceed with the instant claims. Notably, Defendant's argument largely presumes that the outcome of Mr. Brown's Tim Cole Act petition is a foregone conclusion, and that Mr. Brown will receive compensation from the State. That is far from clear, particularly given that he has been denied by the Comptroller and that the problem identified in the denial letter cannot be cured by Mr. Brown himself. That process is not only uncertain, but lengthy. Mr. Brown should not be required to sit in

the wings for the duration of this protracted and unpredictable process, while this lawsuit languishes on the docket, waiting to be litigated.

On the other side of the scale, Defendant has raised no significant interest to justify the continued stay of this matter. Defendant relies almost exclusively on the erroneous assumptions clarified *supra*, the force of which is softened significantly by the legal reality that Mr. Brown does, in fact, have a right to pursue this lawsuit. Moreover, to the extent Defendant expresses concern about any negative impact of litigating this case, it complains only of litigation costs.[4] While potentially burdensome, litigation costs cannot alone justify the extended stay of a case. *In re: BP P.L.C. Sec. Litig.*, No. 4:10-CV-4214, 2016 WL 164109, at *2, n. 15 (S.D. Tex. Jan. 14, 2016).

For all of these reasons, *"the competing interests, as they now exist,"* do not justify continuation of the stay.

### B. Even Under The *Cruson* Test Defendant Proposes, The Factors Weigh In Favor Of The Stay Being Lifted.

The test Defendants advances actually counsels in favor of lifting the stay. Defendant's brief muddles the distinct analyses set forth in *Cruson*. The test for issuing a stay pending appeal traditionally weighs the following four factors: (1) whether the movant is likely to succeed on the merits; (2) whether the movant would suffer irreparable harm absent a stay; (3) whether granting the stay would substantially harm the other parties; and

---

[4] Mr. Brown notes that, although Defendant implies these costs will be borne by Defendants alone, that is incorrect. Defendants have already served several discovery requests on Mr. Brown, requiring responses, and obviously Mr. Brown will have to bear his own costs, including the many depositions he anticipates taking in this matter.

(4) whether granting the stay would serve the public interest. *Cruson v. Jackson Nat'l Life Ins. Co.*, No. 4:16-CV-00912, 2018 WL 2937471, at *2 (E.D. Tex. June 12, 2018) (quoting *In re First S. Sav. Ass'n*, 820 F.2d 700, 704 (5th Cir. 1987). In order to demonstrate the first factor—likelihood of success on the merits—the movant must make a "strong showing" by "'present[ing] a substantial case on the merits' in which (1) a 'serious legal question is involved' and (2) the movant 'show[s] that the balance of the equities weighs heavily in favor of granting the stay.'" *United States v. Transocean Deepwater Drilling Inc.*, No. CIV.A. H-11-3638, 2013 WL 3049299, at *2 (S.D. Tex. June 17, 2013)(Rosenthal, J.)(citing *Chafin v. Chafin*, 568 U.S. 165, 133 S.Ct. 1017 (2013)).

Again, this test was designed to address whether the "extraordinary relief" of a stay should apply for the duration of a pending appeal. *Reading & Bates Petroleum Co. v. Musslewhite*, 14 F.3d 271, 275 (5th Cir. 1994). Fitting the facts of the instant stay into this framework is fitting a square peg to a round hole. In an effort to rebut Defendant's arguments, however, Plaintiff addresses each of these factors. No factor—and certainly not the balance of them—weighs in favor of continuing to stay this case.

### i. Likelihood of Success On The Merits

First, Defendant's argument that it is "likely to succeed on the merits" is wholly subjective, highly speculative and simply erroneous.[5] The factual development of this case has barely begun, but Plaintiff has primarily prevailed on the rounds of dispositive legal

---

[5] Notably, this factor is intended to apply to the likelihood of success on the merits at the appellate level as to the pending appeal, not to the overall likelihood of success in the case at the trial court. Accordingly, this factor is most inapposite here.

10

motions filed by Defendants thus far. Moreover, Defendant Harris County baselessly asserts that there exists "no evidence of any policy or custom," but has yet to turn over the vast majority of discovery requested by Mr. Brown on this issue. Defendant further asserts, wholly unfounded, that "Brown is more likely to succeed on his compensation petition than on this claim." (Def. Br. at 5.) That is entirely speculative – Defendant does not have a crystal ball as to the outcome of these two separate avenues of relief. No one does. Moreover, that comparison is simply irrelevant to the analysis of whether *Defendant* is likely to be successful on the merits in this case.

### a. No "Serious Legal Question" Is Involved Here.

The party seeking a stay must demonstrate that it is likely to succeed where a "serious legal question is involved." [6] *Transocean Deepwater Drilling Inc.*, 2013 WL 3049299, at *2. A serious legal question is a "question of substantial import to others, the resolution of which could have 'far-reaching effects.'" *Id.* (quoting *Asarco, LLC v. Ams. Mining Corp.,* 419 B.R. 737, 741 (S.D.Tex.2009)). Defendants appear to argue that the "serious legal question" to be decided is whether "the Tim Cole Act allows for payment in [Mr. Brown's] case." (Def. Br. at 4.) That issue is a fact- and case-specific inquiry, that plainly has no "substantial import to others or "far-reaching effects."

### b. The Balance Of Equities Favors Lifting The Stay.

The party seeking a stay must also demonstrate that the balance of equities weighs <u>heavily</u> in favor of continuing the stay. *Id* (emphasis added). Defendant has not made any

---

[6] Notably, the "serious legal question" Defendant asserts is at issue does not even involve this Defendant, or any defendant in this case.

such showing, as it does not directly address this fact in its brief.[7] Moreover, for all the reasons described *supra*, at pp. 7-9, the balance of equities favors lifting the stay.

### ii. Irreparable Harm

Defendant claims that it would be "irreparably harmed" if the stay were lifted because it would be required to respond to discovery. Plaintiff does not dispute that discovery in this case is likely a cumbersome process. That process does not, however, constitute "irreparable harm." *Texas First Nat. Bank v. Wu*, 347 F. Supp. 2d 389, 399 (S.D. Tex. 2004)(defendants failed to establish any irreparable harm based on expense of litigation); *Encompass Power Servs., Inc. v. Eng'g & Const. Co.*, No. CIV.A. H-05-2759, 2005 WL 3234369, at *2 (S.D. Tex. Nov. 29, 2005)(citing *City of Meridian v. Algernon Blair, Inc.,* 721 F.2d 525, 529 (5th Cir.1983)(expense does not constitute irreparable harm). Indeed, in a deciding whether to stay a matter, a court in this district held that nothing suggests "that discovery expenses can constitute "irreparable harm" in the context of a motion for stay." *In re: BP P.L.C. Sec. Litig.*, 2016 WL 164109, at *2 (n. 15, collecting cases that state litigation expense is not an irreparable harm).

### iii. Harm To Other Parties

Continuing to stay this matter would substantially harm Mr. Brown, who has been waiting years to have the substance of his claims heard.[8] For all of the reasons explained

---

[7] Defendant's brief appears to compound the "balance of equities" with all of the other factors; it is wholly unclear what it would advance as "equities" that counsel in favor of a continued stay.

[8] Defendant's argument that Mr. Brown has not vigorously pursued these claims is meritless and, frankly, offensive. Mr. Brown did not unduly delay filing this case, but, as this Court as already found, filed within his statute of limitations. Further, and contrary to Defendant's

*supra* at 7-8, Mr. Brown has a substantial interest in and a right to prosecute these civil rights claims. Indeed, continuing the stay denies him the capacity to pursue these claims and, with them, the remedy he seeks.

### iv. The Public Interest

The public interest would be best served by lifting the stay, so that this case can be prosecuted against Harris County, the City of Houston and the individuals who put an innocent man on death row. Litigation of this case could result in significant reform – or at least consideration – of the prosecutorial and police misconduct at issue. In addition, the public has an interest in a merits-based disposition of cases on the Court's docket. *Blake*, 2008 WL 5114655, at *3 (citing *United States v. $39,480.00 in United States Currency,* 190 F.Supp.2d 929, 933 (W.D.Tex. 2002)).

Defendants disingenuously assert that Mr. Brown should not be permitted to impose needless costs on his opponents. That argument falls flat for two primary reasons. First, Mr. Brown's prosecution of his civil rights claims against the parties who imprisoned him for over a decade and nearly took his life cannot seriously be considered "needless." Second, it is Defendants who prosecuted Mr. Brown, knowingly withheld critical exculpatory evidence and, while he sat behind bars for over a decade, kept that evidence out of his reach, in Defendant McDaniel's home garage. For ten years, Mr. Brown had to fight, through the legal system, for his release. To the extent costs have been "needlessly"

---

brief, Mr. Brown never stated or inferred that he wished to stay this case pending "resolution" of his claim to the State Comptroller. Mr. Brown has long desired to pursue these claims, and stands ready to do so.

imposed during this long battle, it was Defendants who imposed them.  The unnecessary costs of Mr. Brown's prosecution, appeal and *habeas* petition could all have been avoided had Defendants turned over the exculpatory evidence in the first place.  The public interest in preventing similar costly, ruinous misconduct in the future is considerable.

## CONCLUSION

For all these reasons, Plaintiff Brown respectfully requests that this Court grant his motion, lift the stay and return this matter to the Court's active docket.

Date: July 11, 2019                                                                                           Respectfully submitted,

EDWARDS KIRBY

By:        */s/ Catharine E. Edwards*
Catharine E. Edwards
California Bar No. 304137
3201 Glenwood Avenue, Suite 100
Raleigh, North Carolina 27612
(919) 780-5400 Telephone
(919) 800-3099  Facsimile
E-Mail: cedwards@edwardskirby.com
*Admitted *Pro Hac Vice*

LECLAIRRYAN
By: */s/ Trevor A. Hall*
Trevor A. Hall
Texas State Bar No. 24078617
Southern District Bar No. 3083689
1233 West Loop South, Suite 1000
Houston, Texas 77027
(713) 654-1111 Telephone
(713) 650-0027 Facsimile
E-Mail: trevor.hall@leclairryan.com

ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

 I certify that on the 11th day of July, 2019 a true and correct copy of the foregoing document was delivered to all counsel of record via the CM/ECF System and served by electronic notice to all parties of record.

            By: */s/ Catharine E. Edwards*
               Catharine E. Edwards