## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| ALFRED DEWAYNE BROWN, | |
| *Plaintiff* | |
| vs. | CIVIL ACTION NO. 4:17-CV-01749 |
| CITY OF HOUSTON, TEXAS; HARRIS COUNTY, TEXAS; BRECK McDANIEL; KIM OGG; TED C. BLOYD; and D.L. ROBERTSON, | JURY DEMANDED |
| *Defendants.* | |

## DEFENDANT HARRIS COUNTY'S SECOND MOTION TO DISMISS KIM OGG

Respectfully submitted,

OF COUNSEL:
VINCE RYAN
HARRIS COUNTY ATTORNEY

_____
SETH HOPKINS
CELENA VINSON
STAN CLARK
1019 Congress Plaza, 15th Floor
Houston, Texas  77002
(713) 274-5141 (telephone)
(713) 755-8924 (facsimile)
Seth.Hopkins@cao.hctx.net

Attorneys for Harris County, Texas

**DEFENDANT HARRIS COUNTY'S SECOND MOTION TO DISMISS KIM OGG**

Defendant Harris County files this Second Motion to Dismiss Kim Ogg, or in the alternative, Motion for Summary Judgment as to claims against Ogg, and respectfully represents as follows:

## I.
## INTRODUCTION

1.     Defendant Harris County seeks to correct the pleadings by removing Harris County District Attorney Kim Ogg, who is sued in her official capacity, from this case. Plaintiff Alfred Brown admits he has no claims against Ogg in her *personal* capacity.[1] Suits against public officials in their *official* capacities are actually suits against the governments they represent. Because the Harris County District Attorney's Office is not a juridical entity, Plaintiff's actual claim is against Harris County. Accordingly, Ogg should be dismissed from this lawsuit as a redundant party and removed from the caption.

2.     Harris County sought to dismiss Ogg on May 11, 2018.[2]  Because the case was stayed pending Special Prosecutor John Raley's investigation, the Court denied the motion without prejudice to refile once the case became active.[3] The case is now active, and Harris County respectfully requests that the Court dismiss Plaintiff's claims against Ogg.

---

[1]  Brown claims his case is against Ogg as "the current Harris County District Attorney, *in her official capacity*…" Doc. 69 at 2 (emphasis added). Brown also acknowledges that "…any judgment obtained against an individual in her official capacity cannot be collected from the individual, but rather comes from the coffers of the governmental entity they represent." Doc. 69 at 7.

[2]  Doc. 67.

[3]  Doc. 72. ("Harris County's motion to dismiss the claims against Kim Ogg, (Docket Entry No. 67), is also denied, without prejudice to refiling if and when the stay is lifted and the case reinstated.")

1

## II.
## STANDARDS FOR MOTION TO DISMISS AND SUMMARY JUDGMENT

3.       Fed. R. Civ. P. 12(b)(6) allows a defendant to file a motion to dismiss when a complaint fails "to state a claim upon which relief can be granted."   A motion to dismiss should be granted when plaintiff files suit against the wrong party, or when there is no legal basis for suit to proceed. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

4.       Under Rule 12(d). Harris County alternatively requests that the Court treat this as a motion for summary judgment. *See, Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 737 (S.D. Tex. 2003). Summary judgment is governed by Federal Rule of Civil Procedure 56, which states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In this case, there is no genuine dispute that the claim against Ogg in her official capacity is actually a claim against Harris County. Accordingly, Ogg should be dismissed as a redundant party.

## III.
## PLAINTIFF MAKES NO CLAIM AGAINST OGG IN HER INDIVIDUAL CAPACITY

5.       Plaintiff Alfred Brown filed suit against a number of defendants, including Kim Ogg "*in her official capacity* as the successor-in-office and successor-in-liability to former District Attorney Charles A. Rosenthal Jr., the District Attorney at the time Mr. Brown was wrongfully convicted."[4]  Plaintiff subsequently acknowledged his claims are only against Ogg as "the current Harris County District Attorney, *in her official capacity*…"[5] Plaintiff additionally acknowledged

---

[4]  Plaintiff's Complaint, Doc. 1, ¶ 21. (emphasis added).

[5]  Doc. 69 at 2 (emphasis added).

"…any judgment obtained against an individual in her official capacity cannot be collected from the individual, but rather comes from the coffers of the governmental entity they represent."[6] Based on these admissions, it is clear that Plaintiff's claims against Ogg stem only through her office.

## IV.
## PLAINTIFF'S CLAIM AGAINST OGG MUST BE DISMISSED AS REDUNDANT TO HIS CLAIM AGAINST HARRIS COUNTY

6.      In *Kentucky v. Graham*, the United States Supreme Court explained that an official capacity suit "is *not* a suit against the official personally, for the real party in interest is the entity." 473 U.S. 159, 166 (1985)(emphasis in original).  In this case, the "entity" is Harris County—not the District Attorney's Office. The Harris County District Attorney's Office is not a juridical person capable of being sued. *See, Jacobs v. Port Neches Police Dep't*, 915 F.Supp. 842, 844 (E.D. Tex. 1999) ("A county district attorney's office is not a legal entity capable of suing or being sued.") Under Texas law, Harris County is the corporate body responsible for collecting revenue from all county departments and paying judgments resulting from the county's administrative or managerial functions.[7]

7.      In the *Perez* case, the Fifth Circuit Court of Appeals affirmed the dismissal of former Harris County Sheriff Johnny Klevenhagen because the official capacity claim against him was redundant to the claim against Harris County. *Perez v. Harris County*, 26 F.3d 1119 (5th Cir. 1994) ("…because the plaintiffs asserted identical claims against Harris County, summary

---

[6]  Doc. 69 at 7.

[7]  Tex. Loc. Gov't Code § 71.001 creates counties as corporate bodies. Tex. Loc. Gov't Code § 113.061 requires the county treasurer to maintain and pay claims against the county. Harris County does not waive its argument that Plaintiff's case relates to the district attorney's prosecutorial role enforcing penal laws on behalf of the state. Accordingly, the state is the proper party. However, the Court has categorized the case as stating claims related to administrative or managerial duties attributable to the county. Regardless of whether Ogg is a state or county actor, it is clear that she is a redundant party who should be dismissed.

judgment was appropriate on claims asserted against Klevenhagen in his official capacity.") *See also, Nueces County v. Ferguson*, 97 S.W.3d 205, 214 (Tex. App.—Corpus Christi 2002).

8.        In the case of *Bennett v. Pippin*, the Fifth Circuit noted that the parties mistakenly believed there was a distinction between an "official capacity" claim against a county official and the county itself. It carefully explained:

> When a plaintiff sues a county or municipal official in her official capacity, the county or municipality is liable for the resulting judgment and, accordingly, may control the litigation on behalf of the officer in her official capacity. A suit against the Sheriff in his official capacity is a suit against the County. When Ms. Bennett sued the Sheriff in his individual and official capacity, she sued two defendants: the Sheriff and the County. As their briefs illustrate, the defendants have apparently considered this litigation as involving three parties: (1) the Sheriff individually; (2) the Sheriff in his official capacity; and (3) the County. The defendants have apparently equated the interests of the Sheriff individually with the interests of the Sheriff officially. Under *Hafer,* such is not the case. We will refer to Ms. Bennett's suit against the Sheriff in his official capacity as a suit against Archer County.

*Bennett v. Pippin*, 74 F.3d 578, 584-85 (5th Cir. 1996). Brown's filing against Ogg in her official capacity has no legal effect, and just as the Fifth Circuit summarily disregarded the official capacity claim against the sheriff of Archer County, Texas, this Court should dismiss the official capacity claim against Ogg.

9.        An official capacity defendant is not only a disregarded entity, but also has no standing to litigate or appeal. *See Bender v. Williamsport Area Sch. Dist*., 475 U.S. 534 (1986)(school board member sued in his official capacity could not appeal the board's decision to settle); *Beckendorff v. City of Hempstead*, 497 S.W.3d 530 (Tex. App.—Houston [1st Dist.] 2006)(former Waller County commissioners lacked standing to appeal settlement, though their names were on the jury charge and verdict); *Bennett*, 74 F.3d at 584 (only county, not official capacity defendant, may control litigation on behalf of the officer). This further reinforces that Ogg should be dismissed as a redundant party to Harris County.

**V.**
**CONCLUSION**

10.      The law is clear and unambiguous. Plaintiff filed a case against Harris County and a redundant claim against Kim Ogg as an official capacity defendant. The United States Supreme Court, Fifth Circuit Court of Appeals, and Texas courts recognize that under these circumstances, the real party in interest is Harris County, and Ogg must be dismissed as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant Harris County respectfully requests that Kim Ogg be dismissed, and for such other relief to which it may be entitled.

Respectfully submitted,

OF COUNSEL:
VINCE RYAN
HARRIS COUNTY ATTORNEY

_____
SETH HOPKINS
CELENA VINSON
STAN CLARK
Assistant County Attorneys
Texas Bar No. 24032435
Federal (Southern District) No. 2043155
1019 Congress, 15th Floor
Houston, Texas  77002
(713) 274-5141 (telephone)
(713) 755-8924 (facsimile)
Seth.Hopkins@cao.hctx.net

Attorneys for Harris County, Texas

## CERTIFICATE OF SERVICE

I certify that on the 20th day of August, 2019, a true and correct copy of the foregoing document was delivered to all counsel of record via the CM/ECF system and served by electronic notice to all parties of record.

_____
Seth Hopkins