IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALFRED DEWAYNE BROWN.<br><br>**Plaintiff,**<br><br>v.<br><br>CITY OF HOUSTON, TEXAS,<br>HARRIS COUNTY, TEXAS,<br>KIM OGG, *in her official capacity*,<br>BRECK MCDANIEL,<br>TED C. BLOYD, AND<br>D.L. ROBERTSON,<br><br>**Defendants.** | Civil Action No. 4:17-CV-01749 |

### PLAINTIFF'S OPPOSITION TO DEFENDANT HARRIS COUNTY'S SECOND MOTION TO DISMISS KIM OGG

Defendant Harris County's fourth and latest motion to dismiss, which is a recast of its last motion to dismiss, misconstrues relevant precedent, ignores the law of the case and improperly moves for dismissal of another defendant. For all these reasons, the motion to dismiss (Dkt. No. 93) should be denied in its entirety.

### PROCEDURAL HISTORY

In 2005, Plaintiff Alfred Dewayne Brown was wrongfully convicted of the capital murder of Officer Charles Clark and was sentenced to death. (Compl. ¶¶ 24, 32.) After he spent twelve years in prison—ten on death row—Mr. Brown was exonerated and released in 2014. (Compl. ¶¶ 140-141.) Among other evidence, it was revealed that phone records

corroborating Mr. Brown's alibi, which the District Attorney's Office had reviewed prior to trial, had been withheld from Mr. Brown's defense team and was removed from the files of the Harris County District Attorney and the Houston Police Department. (Compl. ¶ 126; Dkt. No. 76, Ex. 1 at 22.) These critical records were "found" in the garage of Defendant McDaniel, a Houston Police Department homicide detective, ten years later. (Compl. ¶ 127.) Plaintiff's conviction was vacated, and eight months later the DA's Office dismissed the criminal case against him and he was released from prison. (Compl. ¶¶ 12, 142.)

Plaintiff filed his Complaint on June 8, 2017, asserting claims, *inter alia*, against Defendants Harris County and Kim Ogg, the current Harris County District Attorney, in her official capacity, under 42 U.S.C. § 1983 for unconstitutional policies, customs and practices. (Dkt. No. 1.) Defendants Ogg and Harris County filed a motion to dismiss on September 5, 2017. (Dkt. No. 9.) On December 26, 2017, the Court issued a Memorandum and Opinion granting in part and denying in part the motions. (Dkt. No. 39.) The Court dismissed claims against Defendants Harris County and Ogg based on failures to adequately train in *Brady* obligations. (Dkt. No. 39 at 26-27.) The Court allowed *Monell* claims against Defendants Harris County and Ogg for their unconstitutional "do whatever it takes" custom or policy.[1] On January 23, 2018, Defendants Harris County and Ogg filed a motion for reconsideration (Dkt. No. 46), which was denied on March 15, 2018. (Dkt. No. 56).

---

[1] Defendants City of Houston, McDaniel, Bloyd and Robertson also moved to dismiss, and the Court also allowed certain of the claims against those Defendants to proceed. (Dkt. No. 39.)

On May 2, 2018, Defendant Ogg announced that she had appointed an independent investigator, Attorney John Raley, to conduct a review of the criminal case against Mr. Brown to determine whether he is "actually innocent." (Press Release, Harris County District Attorney Kim Ogg, DA Ogg Announces Review of Alfred Brown Case (May 2, 2018) (https://app.dao.hctx.net/da-ogg-announces-review-alfred-brown-case). On May 8, 2018, Defendant Harris County filed a motion to dismiss accusing Mr. Brown of dishonesty in his *habeas* proceedings and proclaiming his guilt.[2] (Dkt. No. 61.) Defendant Harris County originally initially filed a motion to dismiss Defendant Kim Ogg—its third motion to dismiss[3]—on May 11, 2018. (Dkt. No. 65.)

The Court held a Status Conference on May 14, 2018, to address several pending issues. (Dkt. No. 66.) During the conference, the Court stayed and administratively closed this case pending the independent investigation into Mr. Brown's criminal case. (Dkt. No. 66.) During that conference, the Court also orally denied Defendant Harris County's second motion to dismiss (Dkt. No. 61) because, *inter alia*, it required conversion to a motion for summary judgment and was thus premature at this stage in the litigation. (Dkt. No. 66.) Defendant Harris County filed an amended motion to dismiss on May 20, 2018. (Dkt. No. 67.) Plaintiff filed his response in opposition on May 21, 2018 (Dkt. No. 68) and Defendant Harris County replied on May 23, 2018. (Dkt. No. 69). Given the stay and administrative closure of this case, on May 30, 2018, the Court denied Defendant Harris

---

[2] Mr. Brown soundly denies the defamatory accusations advanced by Harris County in that motion and will controvert them when those issues are properly before the Court.
[3] Defendant Harris County has brought three motions to dismiss and a motion for reconsideration, in addition to the instant, renewed motion to dismiss.

County's motion to dismiss and amended motion to dismiss without prejudice. (Dkt. No. 72).

On March 1, 2019, the independent investigation was complete and the Report of Special Prosecutor Raley was available. In his report, Prosecutor Raley concluded that Mr. Brown's "case meets the legal definition of 'actual innocence.'" (Dkt. No. 76 at Ex. 1, 83.) On May 9, 2019, Plaintiff filed a Request for Wrongful Imprisonment Compensation with the Office of the Comptroller of the State of Texas, pursuant to the State's Tim Cole Act. On May 28, 2019, the Court granted the parties' second request for an extension of the time to move to lift the stay, because the Comptroller had not yet ruled on Mr. Brown's petition. (Dkt. No. 80.) On June 24, 2019, the Comptroller denied Mr. Brown's petition. (Dkt. No. 81, Ex. 1.) As such, on June 27, 2019, Plaintiff moved to lift the stay. (Dkt. No. 81.) On July 15, 2019, the stay was lifted. (Dkt. No. 87.)

On August 20, 2019, Defendant Harris County filed the subject motion to dismiss Kim Ogg. (Dkt. No. 93.) The subject motion is essentially a renewal of Defendant Harris County's May 11, 2018 motion to dismiss (Dkt. No. 65) and May 20, 2018 amended motion to dismiss (Dkt. No. 67), which were dismissed without prejudice. (Dkt. No. 72.) For the reasons set forth herein, Defendant Harris County's motion should be denied *with prejudice*.

## LEGAL STANDARD

A complaint should only be dismissed if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

4

570 (2007)). In evaluating the complaint, the court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir.2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004)). A complaint need not contain "detailed factual allegations" so long as the allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

To the extent the Court entertains Defendant Harris County's alternative request to treat the subject motion as one for summary judgment, the standard is different. Under Federal Rule of Civil Procedure 56(a), the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." If this Court were to decide this motion on summary judgment grounds, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to Mr. Brown. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962) ("On summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.")

Under either the motion to dismiss or the summary judgment analysis, Defendant Harris County's now fourth attempt at dismissing claims against Defendant Ogg should be denied *with prejudice*. As explained in detail below, Plaintiff's Complaint sets forth a viable claim and, though Defendant Ogg was sued in her individual capacity, the claims against her do not require dismissal and should proceed alongside the claims against Defendant Harris County.

## ARGUMENT

**I.      Defendant Harris County Lacks Standing To Move To Dismiss Defendant Ogg.**

First, Harris County lacks standing to bring a motion to dismiss on behalf of another defendant, Kim Ogg. A party may move, pursuant to Fed. R. Civ. P. 12(b)(6), for dismissal of claims against it. The federal rules do not allow, however, for a 12(b)(6) defense to be asserted by one defendant on behalf of another.

Indeed, throughout this litigation, Defendant Harris County has been wholly inconsistent about its relationship with Defendant Ogg. In its January 2018 Motion for Reconsideration, it emphatically asserted that "Harris County cannot be liable for the prosecutorial customs, policies, or practices of an independently elected district attorney." (Dkt. No. 46 at 3.) The original filing of the instant motion appeared to argue that Defendant Ogg is simply an agent of Harris County, stating that "Plaintiff's official capacity claim against Ogg is redundant to his claim against Harris County," because "the governmental entity employing a particular official is responsible for a judgment in an official capacity lawsuit." (Dkt. No. 65 at 3.) In its amended motion, however, Defendant Harris County specifically denounced any relationship to Defendant Kim Ogg by claiming the State of Texas is the "proper defendant" for the claims against Defendant Ogg in her official capacity. (Dkt. No. 67 at Fn. 2.) In the subject motion to dismiss, Defendant Harris County reiterates that "the state is the proper party," before acknowledging in the same carefully hidden footnote that "the Court has categorized the case as stating claims related to

administrative or managerial duties attributable to the county." (Dkt. No. 93 at Fn. 7).[4] The continued argument by Defendant Harris County that the State and not the County is the proper defendant is not only inconsistent with this Court's previous rulings, but also conflicts with its underlying motion. It continues to disavow any relationship with, and therefore purported authority to represent, Defendant Ogg in this litigation, including the subject motion to dismiss.

Moreover, the events since Defendant Harris County's initial attempts to dismiss Defendant Ogg make it clear that Defendants Harris County and Ogg have conflicting positions, if not conflicting interests, as to this litigation. Defendant Ogg appointed a special prosecutor to conduct an independent investigation to determine whether her office will declare Mr. Brown "actually innocent" of capital murder. Less than a week after she announced the appointment, Defendant Harris County filed its flatly accusatory motion to dismiss. (Dkt. No. 61.) That motion is nothing short of libelous, as it claims outright that Mr. Brown is guilty of the crime for which he was exonerated. Thereafter, Mr. Brown was found "actually innocent" by the Special Prosecutor appointed by Defendant Ogg, a finding Defendant Ogg accepted and acted upon. (Dkt. No. 76 at Ex. 1, 83.) These contradictory

---

[4] Mr. Brown objects to the County's characterization of this Court's holding. Indeed, the Court expressly disagreed with the County's attempt to "draw the liability line between anything related to a County District Attorney prosecuting cases and performing 'administrative tasks, such as providing offices and supplies,'" and held instead that "Brown's allegations are sufficient to form a plausible basis to state a claim for *Monell* liability against Harris County for policies, practices, and customs, not for actions taken only prosecuting a case." (Dkt. No. 56 at 10.)

actions by Defendants Harris County and Ogg reveal an irreconcilable conflict between their positions in this litigation.

## II. Defendant Harris County's Motion Should Be Denied Because Its Argument Is Not Supported By Case Law.

While the reasoning advanced in Defendant Harris County's brief is a little unclear, it appears to argue either (1) that the claims against Defendant Ogg must be dismissed because they are redundant of the claims against Harris County or (2) that the claims against Defendant Ogg must be dismissed because they are entitled to Eleventh Amendment Immunity as claims against the State of Texas. As explained below, both arguments are plainly erroneous, based on relevant case law and the law of the case. Accordingly, the motion to dismiss should be denied *with prejudice*.

### A. The Law Does Not Counsel Dismissal Of Official Capacity Claims Against a Municipal Official.

There is no basis for Defendant Harris County's apparent argument that the claims against Defendant Ogg should be dismissed because they are redundant of the claims against Harris County. While it is true that an official capacity claim is considered a claim against an individual's office, that does not warrant—or even counsel—dismissal of the claim against Defendant Ogg in her official capacity as Harris County District Attorney. Claims against an individual in her official capacity routinely proceed alongside claims against the entity employing her. Indeed, Defendant Harris County has not cited, in any of the three renditions of its instant motion, a single case where a court did what Defendant

8

requests here—dismissal of an official capacity claim against a named District Attorney as redundant, while the case against the corresponding county proceeds.

As an initial matter, in its latest attempt to dismiss Defendant Ogg on the grounds that her claims are redundant, Defendant Harris County has misleadingly cited a litany of inapposite cases. It cites *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996), which recommends dismissal of the Jefferson County District Attorney's Office on the grounds that it is not a legal entity capable of being sued. Unlike in *Jacobs*, here, Defendant Ogg is a legal entity capable of being sued. Indeed, the *Jacobs* court specifically found the complaint deficient because it "does not name individual agents working within the office; only the entity itself is named." *Jacobs*, 915 F. Supp. at 844.

It also cites *Bender v. Williamsport Area Sch. Dist.*, which held that a school board member had no standing to appeal a judgment in his individual capacity, when he had been sued in his official capacity. 475 U.S. 534, 543, 106 S.Ct. 1326, 1332, 89 L. Ed. 2d 501 (1986) (footnote omitted) ("Since the judgment against Mr. Youngman was not in his individual capacity, he had no standing to appeal in that capacity."). Here, unlike in *Bender*, no appeal is at issue, this does not involve the distinction between Defendant Ogg's individual and official capacities, and it is not even Defendant Ogg who is seeking her dismissal, it is Defendant Harris County.

It cites *Beckendorff v. City of Hempstead,* which held that a judge and two commissioners lacked the necessary capacity to appeal from a judgment because they no longer held their offices and, thus, were divested of their official authority. 497 S.W.3d 530, 534 (Tex. App. 2016). Indicating that an appeal would have been appropriate had the

9

former officials remained in office at the time of appeal, the *Beckendorff* Court explained: "We express no opinion about the merits of the former officials' complaints about the post-trial procedures followed with respect to the settlement of the case and the entry of an agreed final judgment with the jury verdict attached." *Id*. Here, unlike in *Beckendorff*, there is no appeal, Defendant Ogg is the *correct* defendant only *because* she is currently in office, and Defendant Ogg is not the party moving for her dismissal.

Perhaps most disturbing, Defendant Harris County also misleadingly cites an unpublished opinion, *Perez v. Harris County*, 26 F.3d 1119 (5th Cir. 1994). The *Perez* Court determined that summary judgment was appropriate in favor of Harris County because none of the problems in the jail were shown to have contributed to the death at issue. *Id*. at *4. Because the claims against the sheriff in his official capacity were identical to the claims against Harris County, and summary judgment would be granted on those claims, the *Perez* Court found summary judgment was also appropriate against the sheriff in his official capacity. *Id.* at *5. The Court **did not**—as Defendant Harris County would have this Court believe—find that the sheriff should be dismissed merely because he was sued in his official capacity.

Cases where a plaintiff sues both a governmental entity and one of its officials as the Plaintiff has in suing both Defendants Harris County and Ogg abound. For example, in *Bennett v. Pippin*, which was cited by Defendant Harris County (Dkt. No. 93 at 4), the county became a party to suit upon reinstatement of a claim against the sheriff in his official capacity. 74 F.3d 578 (5th Cir. 1996). The official capacity claim against Defendant Ogg can and should proceed as a claim against the office of the Harris County District Attorney,

in addition to the claim against Defendant Harris County. Here, the reasons to retain both Defendants are exacerbated by Defendant Harris County's continued attempts to disavow its relationship to the District Attorney's Office, and by the apparent conflict between the positions of Defendants Harris County and Ogg, in her official capacity as Harris County District Attorney, with respect to the issues underlying the instant lawsuit.

Moreover, Defendant Harris County does not cite a single case where a defendant sued in her official capacity was dismissed simply because an official capacity claim constitutes a claim against the office itself. Indeed, in *Kentucky v. Graham,* the very first case cited by Defendant Harris County (Dkt. No. 93 at 3) for the proposition that Plaintiff's claims against Defendant Ogg are redundant, the primary holding is that any judgment obtained against an individual in her official capacity cannot be collected from the individual, but rather comes from the coffers of the governmental entity they represent. Accordingly, the rights and defenses available to the governmental entity—namely, the immunities—are also available to an individual sued in her official capacity.

In *Kentucky v. Graham*, the official capacity claim against the Commissioner of the Kentucky State Police was dismissed because, as an officer of the State, he was entitled to Eleventh Amendment Immunity. 473 U.S. 159, 105 S. Ct. 3099 (1985). Multiple cases cited by Defendant Harris County in its efforts to dismiss Defendant Ogg adhere to the holding in *Kentucky v. Graham*. In *McCarthy ex rel. Travis v. Hawkins*, cited in Defendant Harris County's previous amended motion to dismiss (Dkt. No. 67 at 2), the Fifth Circuit ***allowed*** the official capacity claims because the Eleventh Amendment did not bar suit against the state and the official capacity Defendants "are therefore representing their

11

respective state agencies." 381 F.3d 407, 414 (5th Cir. 2004). In *Brandon v. Holt*, also cited in Defendant Harris County's previous amended motion to dismiss (Dkt. No. 67 at 3), the Supreme Court made clear that an individual sued in his official capacity is not entitled to qualified immunity because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents" and governmental entities are not entitled to qualified immunity. 469 U.S. 464, 471, 105 S. Ct. 873, 878 (1985). In *Nueces Cty. v. Ferguson*, cited by Defendant Harris County in its subject motion (Dkt. No. 93 at 3-4), the defendant sheriff was dismissed from the case because he was entitled to sovereign immunity, as was the County who employed him. 97 S.W.3d 205, 215–16 (Tex. App. 2002). In *Will v. Michigan Dep't of State Police*, cited in Defendant Harris County's previous amended motion to dismiss (Dkt. No. 67 at 2), the official capacity claims against the Director of the State Police were dismissed because they were entitled to Eleventh Amendment immunity, just as the State was. 491 U.S. 58, 109 S. Ct. 2304, (1989).

This line of cases stands for the exact opposite proposition for which Defendant Harris County cites it. It demonstrates that suits against individuals in their official capacity may proceed unless they are barred by some immunity held by the governmental entity they represent. That is not the case here, and the claims against Defendant Ogg in her official capacity should, therefore, proceed.

> **B.** **The Claims Against Defendant Ogg Should Not Be Dismissed As Claims Against The State Because The Court Has Repeatedly Held That Harris County, Not the State, Is The Proper Party To Answer For The Actions Of The District Attorney In This Case.**

Defendant Harris County also appears to speciously argue that Defendant Ogg must

12

be dismissed because she is immune from suit, as an officer of the State. In so doing, Defendant has coyly dropped into a footnote a key element of this argument—the conclusory statement that the State of Texas, not Harris County, is the appropriate party to answer for Ms. Ogg. (Dkt. No. 93 at Fn. 7.) That claim directly contradicts the law of the case and attempts to rehash—for the fourth time—an argument that the Court has squarely rejected twice. Even Defendant Harris County admits that it is arguing against this Court's order: "Accordingly, the state is the proper party. However, the Court has categorized this case as stating claims related to administrative or managerial duties attributable to the county."[5] (Dkt. No. 93 at Fn. 7.)

The Court has specifically held that Defendant Harris County—not the State—is responsible for the District Attorneys' Office's "do whatever it takes" policies that Mr. Brown has pled. The Court's December 26, 2017 Memorandum and Opinion held that Defendants Harris County and Ogg may be held liable under a *Monell* theory of liability, and that Plaintiff sufficiently alleged a municipal liability claim against the Defendant County. (Dkt. No. 39 at 21-24.) In its March 15, 2018 Memorandum and Opinion Denying Motion for Reconsideration, the Court again explained that "Brown's allegations are sufficient to form a plausible basis to state a claim for *Monell* liability against Harris County for policies, practices, and customs, not for actions taken only prosecuting a case." (Dkt. No. 56 at 10.) Moreover, the Court has held that Defendant Ogg, and her predecessors in office, constituted final policymakers who promulgated the "do whatever

---

[5] As explained *supra* at footnote 4, this is a reductive mischaracterization of the Court's holding.

it takes" policy of which he complains. (Dkt. Nos. 39 and 56.)

As Defendant Ogg is an officer of Harris County, and not of the State of Texas, for purposes of the instant lawsuit, she is not entitled to Eleventh Amendment immunity and should not be dismissed.

## CONCLUSION

Plaintiff is the master of his complaint, and he has named Defendant Ogg, in her official capacity. This Court has already held that Plaintiff has stated plausible and cognizable claims stated against her. Defendant Harris County does not have standing to move for the dismissal of Defendant Kim Ogg, nor does it advance any persuasive argument for her dismissal. For these reasons, Plaintiff respectfully requests that the Court deny Defendant Harris County's Second Motion to Dismiss Claims Kim Ogg *with prejudice*.

Date: September 10, 2019

Respectfully submitted,

/s/ Catharine E. Edwards
**Catharine E. Edwards, Esquire**
California Bar No. 304137
North Carolina Bar No. 52705
**Kristen L. Beightol, Esquire**
EDWARDS KIRBY, LLP
3201 Glenwood Avenue, Suite 100
Raleigh, North Carolina 27612
(919) 780-5400 Telephone
(919) 800-3099 Facsimile
E-Mail: cedwards@edwardskirby.com
kbeightol@edwardskirby.com
*Admitted Pro Hac Vice*

**C. Dunham Biles, Esquire**
Texas State Bar No. 24042407
FOX ROTHSCHILD, LLP
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas, Texas 75240-6215
(214) 231-5720 Telephone
(972) 404-0516 Facsimile
E-Mail: cbiles@foxrothschild.com

*Attorneys for Plaintiff Alfred Dewayne Brown*

## **CERTIFICATE OF SERVICE**

      I certify that on the 10th day of September, 2019, a true and correct copy of the foregoing document was delivered to all counsel of record via the CM/ECF System and served by electronic notice to all parties of record.

                                         By:    /s/ Catharine E. Edwards
                                                       Catharine E. Edwards