IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ALFRED DEWAYNE BROWN,**  *Plaintiff*  vs.  **CITY OF HOUSTON, TEXAS; HARRIS COUNTY, TEXAS; BRECK McDANIEL; KIM OGG; TED C. BLOYD; and D.L. ROBERTSON,**  *Defendants.* | CIVIL ACTION NO. 4:17-CV-01749  JURY DEMANDED |

**DEFENDANT HARRIS COUNTY'S REPLY IN SUPPORT OF SECOND MOTION TO DISMISS KIM OGG**

                                    Respectfully submitted,

OF COUNSEL:
VINCE RYAN
HARRIS COUNTY ATTORNEY

_____
SETH HOPKINS
CELENA VINSON
STAN CLARK
1019 Congress Plaza, 15th Floor
Houston, Texas  77002
(713) 274-5141 (telephone)
(713) 755-8924 (facsimile)
Seth.Hopkins@cao.hctx.net

Attorneys for Harris County, Texas

**DEFENDANT HARRIS COUNTY'S REPLY IN SUPPORT OF SECOND MOTION TO DISMISS KIM OGG**

Defendant Harris County files this Reply in Support of Second Motion to Dismiss Kim Ogg, or in the alternative, Motion for Summary Judgment as to claims against Ogg, and respectfully represents as follows:

## I.
## INTRODUCTION

There is only one county defendant in this case—Harris County. Plaintiff cannot provide any reason to keep Kim Ogg in this case, and his Opposition to Harris County's Second Motion to Dismiss is premised on three fundamental errors. First, Plaintiff incorrectly—and without authority—argues that a Texas district attorney can be liable in her official capacity. To the contrary, while a Texas official can be named in her official capacity for injunctive relief under the *Ex parte Young* doctrine, neither a Texas district attorney's office, nor its employees (in their official capacities) can be liable for money damages.

Second, Plaintiff comingles Ogg's office with her official and individual capacities to reach unsupportable conclusions. At times, Plaintiff concedes the district attorney's office is *non suis juris*, but claims Ogg can be sued in her official capacity because she "is a legal entity capable of being sued." At other times, Plaintiff concedes Ogg cannot be sued, but seeks to proceed "against the office of the Harris County District Attorney." Ogg is not a defendant in her individual capacity and cannot be a defendant in her official capacity. She should not remain on the caption.

Third, Plaintiff conflates arguments from a 2018 motion related to the allocation of liability between the State and county and concludes that Harris County has no authority to represent Ogg. Putting aside the fact that Ogg is not a proper party and the motion has nothing to do with whether she can be sued in her official capacity, Plaintiff has no right or standing to determine who represents Ogg in this case.

1

## II.
## PLAINTIFF NEVER SUED OGG IN HER INDIVIDUAL CAPACITY

Until now, Plaintiff consistently represented that he had no claim against Ogg in her individual capacity. Paragraph 21 of Plaintiff's June 8, 2017 Complaint states:

> Defendant Kim Ogg is currently District Attorney for Harris County and ***is sued in her official capacity*** as the successor-in-office and successor-in-liability to former District Attorney Charles A. Rosenthal, Jr., the District Attorney at the time Mr. Brown was wrongfully convicted.[1]

On May 21, 2018, Plaintiff again represented in pleadings before this Court that his claim against Ogg was limited to her role as "the current Harris County District Attorney, *in her official capacity*…"[2] Brown did not—and could not—plead a claim against Ogg in her individual capacity, because she had nothing to do with his conviction in 2003 and there is no possibility she could be liable to him.

Now, Brown inexplicably reverses his long-standing position. Without any explanation, he states: "…Plaintiff's Complaint sets forth a viable claim and, though Defendant Ogg was sued in her ***individual*** capacity, the claims against her do not require dismissal and should proceed alongside the claims against Defendant Harris County."[3] That is false, and Brown should not be permitted to misrepresent to the Court that Ogg is an individual defendant. Brown should be required to either clarify that statement or retract it.

---

[1] Plaintiff's Complaint, Doc. 1, ¶ 21. (emphasis added). As explained, *infra*, there is no "successor-in-liability." Ogg cannot be liable for the actions of another district attorney.

[2] Plaintiff's Opposition to Harris County's Amended Motion to Dismiss Claims against Kim Ogg pursuant to *Kentucky v. Graham*. Doc. 68 at 2 (emphasis added).

[3] Doc. 98 at 5 (emphasis added).

### III.
### "KIM OGG, IN HER OFFICIAL CAPACITY" IS NOT AN ENTITY CAPABLE OF BEING SUED, AND HARRIS COUNTY HAS STANDING TO DEFEND ITSELF IN THIS CASE
(Response to Plaintiff's Opposition at pages 6-8.)

Plaintiff first argues that Harris County "*lacks standing to bring a motion to dismiss on behalf of another defendant, Kim Ogg.*"[4] Ogg is **not** a defendant in her individual capacity—which Brown always conceded until now. Ogg could **never be** a defendant in her official capacity, because there is no "official capacity" liability against a district attorney. When a claim arises from the prosecution of criminal cases, the State is the proper party, and when a claim arises from the district attorney's administrative acts, the county is the proper party. Unless there is a basis for individual liability, the district attorney is never a proper party under Texas law.

Last year, this Court held that one of Brown's three claims could fall within the district attorney's administrative function. Brown spent four pages talking about that ruling—which has nothing to do with whether the district attorney's office exists as a corporate entity. That ruling certainly does not mean—as Brown alleges—that Harris County "*continues to disavow any relationship with, and therefore purported authority to represent, Defendant Ogg in this litigation*" or that "*Harris County and Ogg have conflicting positions, if not conflicting interests, as to this litigation.*"[5] As long as some component of Brown's claim might involve administrative decisions by the district attorney's office, Harris County is the proper county defendant.[6]

---

[4] Doc. 98 at 6 (italics added).

[5] Doc. 98 at 7 (italics added). Brown has no standing to speak on Ogg's behalf, determine who should represent her, or assert that she has a conflict. Brown is aware that Ogg's staff actively assists Harris County in this case. In fact, Brown's counsel insisted that the parties' September 5, 2019 "Joint Alternative Dispute Resolution Report" include language informing the Court that Special Prosecutor John Raley and Ogg's Chief of Staff Vivian King not only attended mediation—but did so on behalf of Harris County. (*See*, Doc. 97 at 2, noting that attendees included: "Special Prosecutor John Raley for Harris County" and "Harris County District Attorney's Office Chief of Staff Vivian King for Harris County.")

[6] Harris County would never question, challenge, or interject itself into Brown's relationship with his lawyers, yet Brown's counsel gratuitously accuses Harris County and Ogg of "*irreconcilable conflict.*"

3

Case 4:17-cv-01749 Document 99 Filed on 09/11/19 in TXSD Page 5 of 12

## IV.
## PLAINTIFF CITES NO APPLICABLE LAW AND MISREPRESENTS THE CASES CITED BY HARRIS COUNTY
(Response to Plaintiff's Opposition at pages 8-12.)

**A.      Official capacity suits fall into three categories.**

Plaintiff alleges—based on nothing more than personal observation—that official capacity claims "*routinely proceed alongside claims against the entity employing her*."[7] That is only true in three circumstances.

**Claims for injunctive relief.** First, claims for injunctive relief often name official capacity defendants under *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Plaintiff cites an example of this in *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407 (5th Cir. 2004). In the *McCarthy* case, 21 mentally disabled Texas residents sued three state officers to compel them to provide community-based living options that complied with the Americans with Disabilities Act. The Fifth Circuit Court of Appeals explained:

> …the principle of state-sovereign immunity generally precludes actions against state officers in their official capacities, subject to an established exception: the *Ex parte Young* doctrine. Under *Ex parte Young,* "a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law."[8]

Brown does not seek an injunction, and this exception is inapplicable.

**States other than Texas.** Second, some states structure local government in such a way that district attorney's offices are juridical persons capable of suing or being sued. In those states, it may be common to file official capacity claims against the officer in charge of those entities. In

---

Doc. 98 at 8 (emphasis added). *See also*, Doc. 68 at 5. Brown's accusations have nothing to do with whether a Texas district attorney can be sued in her official capacity, and they are immaterial and impertinent. Similarly, Brown's repeated claim of "*libel*" against Harris County has nothing to do with this motion and is immaterial and impertinent. Doc. 98 at 7. *See also*, Doc. 68 at 5.

[7] Doc. 98 at 8 (emphasis added).

[8] *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004) (internal citations omitted).

4

its motion, Harris County explained that under Texas Loc. Gov. Code § 71.001 and 113.061, counties—but not county departments—have corporate existence.[9] Plaintiff never addressed this.

**Cases where official capacity defendants have not yet been dismissed.** Finally, some Texas cases linger before a party or court corrects the pleadings and dismisses official capacity claims. Because a court lacks subject matter jurisdiction over an entity that does not exist, the pleadings can be corrected at any time—even *sue sponte* by a court of appeals. That is what occurred in the *Bennett* case, where the Fifth Circuit Court of Appeals recognized that neither the trial court, nor the parties, took the initiative to remove an official capacity defendant. The appeals court corrected this error on its own initiative. *Bennett v. Pippin,* 74 F.3d 578, 584-85 (5th Cir. 1996). Rather than allow this error to linger, Harris County moves to correct the pleadings now.

**B.     Plaintiff misinterprets the case law.**

***Jacobs v. Port Neches Police Dep't.*** Plaintiff accuses Harris County of "*misleading*" the Court by citing *Jacobs v. Port Neches Police Dep't*, 915 F.Supp. 842, 844 (E.D. Tex. 1996). In *Jacobs*, the Jefferson County Sheriff's Department, Jefferson County District Attorney's Office, and several city police departments and individuals were sued for planting drugs during a traffic stop. The court dismissed claims against the Jefferson County Sheriff's Department and Jefferson County District Attorney's Office because they are not entities capable of suing or being sued under Texas law. The court explained:

> The capacity of an entity such as a sheriff's department to sue or be sued "shall be determined by the law under which it was organized." Fed.R.Civ.P. 17(b). In Texas, county sheriff's and police departments generally are not legal entities capable of being sued, absent express action by the superior corporation (the county, in the case of the sheriff's department) "to grant the servient agency with jural authority." *Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir.1991); *see also Thomas–Melton v. Dallas County Sheriff's Dep't,* No. 94–10049, 39 F.3d 320 (5th Cir. Oct. 25, 1994); *Alcala v. Dallas County Sheriff,* No. 92–1053, 988 F.2d 1210

---

[9] Doc. 93 at fn. 1.

5

> (5th Cir. Mar. 12, 1993). Because there is no indication that the "Jefferson County Sheriff's Department" enjoys a separate legal existence, it is not a proper party, and the cause of action against it should be dismissed.
>
> Plaintiff's complaint names "Jefferson County District Attorney's Office" for its involvement in prosecutions against plaintiff. The complaint does not name individual agents working within the office; only the entity itself is named.
>
> To the extent plaintiff brings his claim against the office, the complaint is defective for the same reason that justifies dismissal of the claim against the Jefferson County Sheriff's Department. A county district attorney's office is not a legal entity capable of suing or being sued. *Johnson v. Kegans,* 870 F.2d 992, 998 n. 5 (5th Cir.), *cert. denied,* 492 U.S. 921, 109 S.Ct. 3250, 106 L.Ed.2d 596 (1989). Defendant "Jefferson County District Attorney's Office" should be dismissed.[10]

Brown claims *Jacobs* is distinguished because it named the district attorney's office, but not the district attorney. According to Brown, "*[u]nlike in* Jacobs*, here, Defendant Ogg is a legal entity capable of being sued*."[11] Brown appears to have conflated Ogg's individual and official capacities and concluded that because Ogg exists as a natural person, he can use her identity to manufacture a new corporate entity by tacking the words "in her official capacity" at the end of her name. It does not work that way. Brown has the burden of proving the existence of every entity he sues. The district attorney's office does not have a corporate identity—and neither does Kim Ogg in her official capacity.

***Bender v. Williamsport Area Sch. Dist.*** In the *Bender* case, the Supreme Court held that when an official is sued in his official capacity (seeking a declaratory judgment), only the entity he represents has standing to litigate the case. Officials have no independent standing in either their individual or official capacities. *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534 (1986). Brown ignores this holding and claims: "*[h]ere, unlike in* Bender*, no appeal is at issue, this does*

---

[10] *Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (internal footnotes and headings omitted).

[11] Doc. 98 at 9 (italics added).

*not involve the distinction between Defendant Ogg's individual and official capacities, and it is not even Defendant Ogg who is seeking her dismissal, it is Defendant Harris County.*"[12]

The Supreme Court's holding in *Bender* is not limited to appellate matters, and the issue was not the "distinction" between individual and official capacities. The holding is that only a public entity has standing to litigate a case in which it is the real party in interest for its officials. In this case, Harris County would be responsible for a potential judgment and is the real party in interest. Accordingly, it has standing to seek dismissal of the claims against Ogg.

***Beckendorff v. City of Hempstead.*** In the *Beckendorff* case, commissioners were sued in state court for injunctive relief to void a county ordinance and contract. 497 S.W. 3d 530 (Tex. App.—Houston [1st Dist.] 2006). The relevant holding is that when a government entity and its officials are sued, only the government entity has standing to litigate the case—regardless of who is listed on the caption. In Brown's case, that entity is Harris County.

Brown attempts to distinguish *Beckendorff* by claiming "Ogg is the *correct* defendant only *because* she is currently in office…"[13] Ogg is not the correct defendant, because this is a claim for money damages, and the office she holds is *non suis juris* and not responsible for any judgment.

***Perez v. Harris County.*** In the *Perez* case, an inmate at the Harris County jail had a seizure and died from a preexisting heart and liver condition. Plaintiff sued both the county and sheriff in his personal and official capacities. The Fifth Circuit held:

> **Klevenhagen was sued in both his personal and official capacity as sheriff. But since the real party in interest in an official-capacity suit is the governmental entity and not the named official**, <u>and</u> because the plaintiffs asserted identical claims against Harris County, **summary judgment was appropriate on claims asserted against Klevenhagen in his official capacity**.[14]

---

[12] Doc. 98 at 9 (italics added).

[13] Doc. 98 at 10 (italics in original).

[14] *Perez v. Harris County*, 26 F.3d 1119 (5th Cir. 1994) (internal citations omitted) (emphasis added).

7

The court granted summary judgment on the official capacity claim for two reasons. First, the official capacity defendant was not a proper party, since Harris County was the real party in interest. Second, the claim was identical to a claim the appeals court dismissed on the merits against Harris County.

Plaintiff argues the *Perez* case is "[p]erhaps most disturbing" and accuses Harris County of misleading the court. Plaintiff says the court "***did not***—as Defendant Harris County would have this Court believe—find that the sheriff should be dismissed merely because he was sued in his official capacity."[15]

Actually, it did. A simple reading of the case supports Harris County's argument and refutes Plaintiff's response. The court dismissed the official capacity claim because: "…**the real party in interest in an official-capacity suit is the governmental entity and not the named official**…" *Perez*, 26 F.3d 1119, at *5 (5th Cir. 1994).

***Bennett v. Pippin.*** In the *Bennett* case, the Fifth Circuit Court of Appeals, noticed that a case was litigated against both a county and an official capacity defendant. The appeals court very clearly explained that when a party sues both a county and one of its officials in his official capacity, the official capacity claim is disregarded. It held: "**[w]e will refer to Ms. Bennett's suit against the Sheriff in his official capacity as a suit against Archer County**." *Bennett v. Pippin*, 74 F.3d 578, 584-85 (5th Cir. 1996) (emphasis added). Similarly, Brown's official capacity claim against Ogg should be disregarded and removed from the caption.

Rather than concede this obvious point, Plaintiff contests it with a single, bizarre sentence—claiming that in *Bennett*, "*[t]he county became a party to suit upon reinstatement of a*

---

[15] Doc. 98 at 10 (emphasis in original).

8

*claim against the sheriff in his official capacity.*"[16]  The county did not "become" a party after "reinstatement" of an official capacity claim. The county was <u>always</u> a party, while the sheriff should <u>never</u> have been a party in his official capacity.

**C.     Plaintiff is incorrect (and inconsistent) when he argues the "office of the Harris County District Attorney" can be sued.**

On page 10 of his Opposition, Plaintiff claims that the "office of the Harris County District Attorney" is an entity capable of being sued and that "<u>[t]he official capacity claim against Defendant Ogg can and should proceed as a claim against the office of the Harris County District Attorney.</u>"[17]  That is not only incorrect, but it directly contradicts the argument Brown made only one page earlier in his brief. On page 9, Brown conceded that under the *Jacobs* case, he <u>cannot</u> sue the district attorney's office because it is *non suis juris*.[18] ("*Unlike in* Jacobs*, here, Defendant Ogg is a legal entity capable of being sued.*")[19]  Brown's arguments are a moving target that are not even internally consistent.

**V.
PLAINTIFF'S ARGUMENTS ABOUT STATE LIABILITY IS A RED HERRING**
(Response to Plaintiff's Opposition at pages 12-14.)

Plaintiff devotes the last two pages of his brief responding to a single footnote in Harris County's motion regarding a ruling last year allocating liability between the State and county. Plaintiff's lengthy rehash of these arguments and discussion of whether Ogg is entitled to Eleventh Amendment immunity is disproportionate, irrelevant, and focused on matters not even before the Court. None of this changes the fact that Ogg is not a proper defendant in this case.

---

[16] Doc. 98 at 10 (italics added).

[17] Doc. 98 at 10 (emphasis added).

[18] *Jacobs v. Port Neches Police Dep't*, 915 F.Supp. 842, 844 (E.D. Tex. 1996).

[19] Doc. 98 at 9 (italics added).

## VI.
## CONCLUSION

Plaintiff concedes that neither Ogg, nor her office, bears any risk of liability in this case. Despite a lengthy conference and two motions to dismiss, Plaintiff cannot provide a single legal or practical reason to keep Ogg's name on the pleadings—yet he refuses to dismiss her. A lawyer may not maintain a lawsuit against a party unless the lawyer reasonably believes there is a basis for doing so.  There is no basis, and Ogg should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant Harris County respectfully requests that Kim Ogg be dismissed, and for such other relief to which it may be entitled.

Respectfully submitted,

OF COUNSEL:
VINCE RYAN
HARRIS COUNTY ATTORNEY

*/s/ Seth Hopkins*

SETH HOPKINS
CELENA VINSON
STAN CLARK
Assistant County Attorneys
Texas Bar No. 24032435
Federal (Southern District) No. 2043155
1019 Congress, 15th Floor
Houston, Texas  77002
(713) 274-5141 (telephone)
(713) 755-8924 (facsimile)
Seth.Hopkins@cao.hctx.net

Attorneys for Harris County, Texas

## CERTIFICATE OF SERVICE

    I certify that on the 11th day of September, 2019, a true and correct copy of the foregoing document was delivered to all counsel of record via the CM/ECF system and served by electronic notice to all parties of record.

_/s/ Seth Hopkins_
Seth Hopkins