## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **ALFRED DEWAYNE BROWN,** | |
| *Plaintiff* | |
| **vs.** | **CIVIL ACTION NO. 4:17-CV-01749** |
| **CITY OF HOUSTON, TEXAS;** | |
| **HARRIS COUNTY, TEXAS;** | **JURY TRIAL** |
| **KIM OGG,** *in her official capacity*; | |
| **BRECK McDANIEL;** | |
| **TED C. BLOYD; and** | |
| **D.L. ROBERTSON,** | |
| *Defendants.* | |

## PLAINTIFF'S ADDITIONAL BRIEF IN OPPOSITION TO
## DEFENDANT HARRIS COUNTY'S MOTION TO DISMISS KIM OGG

In response to the Court's October 7, 2019 Order (Dkt. No. 100), Plaintiff files this brief to further expound on why it is important to deny Defendant Harris County's fourth and latest motion to dismiss claims against Defendant Kim Ogg in her official capacity (Dkt. No. 93). Harris County and Defendant Ogg have taken completely different and wholly conflicting positions on a primary issue in this case—whether Plaintiff Alfred Dewayne Brown ("Mr. Brown") is innocent. For that reason, Defendant Harris County and Defendant Ogg are both necessary parties to this action.

Defendant Ogg is sued only in her official capacity, as the person representing the Office of the District Attorney. The claim against her is based on the unconstitutional "do whatever it takes" to convict culture and custom that her predecessor District Attorneys

had in place, which resulted in Mr. Brown's conviction. Mr. Brown must sue the individual currently in office in order to sue the District Attorney's Office.  There is no contention of any *personal* wrongdoing or liability by Defendant Ogg.  To the contrary, Defendant Ogg employed her position as District Attorney to *correct* the wrongs of her predecessors.  In that capacity, after a thorough and independent review, she cleared Mr. Brown of the murder of Charles Clark and declared him actually innocent.

Unfortunately, the Harris County Attorney's office, in representing Defendants Ogg and Harris County in this case, has taken the diametrically opposite position.  Specifically, on May 8, 2018, Defendant Harris County moved to dismiss this case on the grounds that Mr. Brown "bluffed" his way out of prison, continuing to allege his guilt.[1]  (Dkt. No. 61 at 1.)  As a result, there is a complete conflict between the assertion of Defendant Ogg—that Mr. Brown is actually innocent—and the assertion of Defendant Harris County and its counsel.  These two positions are irreconcilable.  Indeed, in adopting the findings of Special Prosecutor John Raley, Defendant Ogg, acting in her official capacity as District Attorney for Harris County, stated:

> The County Attorney has taken a different position, prior to this report… If this report puts us at odds with the County Attorney's position on the civil case, then I will move to have another legal representative in that case in my official capacity, because I accept Mr. Raley's findings. I hope that the County accepts Mr. Raley's findings.

Press Conference Regarding Special Prosecutor Raley's Report (at 24:34-25:28), available at https://www.pscp.tv/w/1eaKbOQNmanGX.

---

[1] That Motion was denied as moot because this case was stayed pending the investigation of Special Prosecutor John Raley into Mr. Brown's claims of actual innocence.

It is unclear whether Defendant Harris County and the County Attorney, who represents both the County and Defendant Ogg, have changed their position as to Mr. Brown's innocence after considering the report and Defendant Ogg's finding that Mr. Brown is actually innocent.  If Defendant Harris County adopts these findings and agrees that Mr. Brown is actually innocent of the murder of Charles Clark, then the positions of the District Attorney's Office and Defendant Harris County will be congruent. Accordingly, Mr. Brown would then agree that there is no practical reason that Defendant Ogg, in her official capacity, must be a party to this case.

If, however, Defendant Harris County intends to pursue a theory that Mr. Brown is or may be guilty, then its position is wholly opposed to the position of Defendant Ogg.  If that be the case, then the interests of the District Attorney's Office—*vis á vis* Defendant Ogg—cannot be appropriately represented by Harris County and the County Attorney's Office.  Defendant Harris County relies on the assertion that the inclusion of Defendant Ogg in this litigation is unnecessary and duplicative.  If their positions as to an *essential* issue in this case—Mr. Brown's innocence—will differ, that is plainly untrue. Contradiction on that issue will genuinely affect the adjudication of Mr. Brown's claims, including the defenses raised.  Under these circumstances, the inclusion of Defendant Ogg, in her official capacity, is not redundant.  It is quite the opposite.

On this basis, Plaintiff Alfred Dewayne Brown respectfully requests that, if Defendant Harris County will not affirm that he is actually innocent of the murder of Charles Clark, its Motion to Dismiss the claims against Defendant Ogg in her official capacity be denied.

Date: October 11, 2019

Respectfully submitted,


__/s/ Catharine E. Edwards_____
**Catharine E. Edwards, Esquire**
California Bar No. 304137
North Carolina Bar No. 52705
**Kristen L. Beightol, Esquire**
EDWARDS KIRBY, LLP
3201 Glenwood Avenue, Suite 100
Raleigh, North Carolina 27612
(919) 780-5400 Telephone
(919) 800-3099  Facsimile
E-Mail: cedwards@edwardskirby.com
kbeightol@edwardskirby.com
*Admitted *Pro Hac Vice*


**C. Dunham Biles, Esquire**
Texas State Bar No. 24042407
FOX ROTHSCHILD, LLP
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas, Texas 75240-6215
(214) 231-5720 Telephone
(972) 404-0516 Facsimile
E-Mail: cbiles@foxrothschild.com

*Attorneys for Plaintiff Alfred Dewayne Brown*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 11th day of October, 2019, a true and correct copy of the foregoing document was delivered to all counsel of record via the CM/ECF System and served by electronic notice to all parties of record.

By:   <u>/s/ Catharine E. Edwards</u>
                Catharine E. Edwards