IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALFRED DEWAYNE BROWN. <br><br> **Plaintiff,** <br><br> v. <br><br> CITY OF HOUSTON, TEXAS, <br> HARRIS COUNTY, TEXAS, <br> KIM OGG, *in her official capacity*, <br> BRECK MCDANIEL, <br> TED C. BLOYD, AND <br> D.L. ROBERTSON, <br><br> **Defendants.** | Civil Action No. 4:17-CV-01749 |

## PLAINTIFF'S MOTION TO REINSTATE CLAIMS
## AGAINST FORMER DEFENDANT DANIEL J. RIZZO

Plaintiff Alfred Dewayne Brown ("Mr. Brown") moves this Court to reinstate the claims brought against former Harris County Assistant District Attorney Daniel J. Rizzo ("Defendant Rizzo"), who was dismissed as a defendant in this suit without prejudice on December 26, 2017. Discovery in this case has unearthed evidence that makes clear Defendant Rizzo *knew* about the exculpatory phone record evidence that corroborated the longstanding alibi of Mr. Brown, but intentionally lied about it under oath in an effort to keep Mr. Brown on death row long after his prosecution of the case had ended. As these actions were not in the scope of his prosecutorial function, Defendant Rizzo is not entitled to immunity for his actions and Mr. Brown should be permitted to renew his claims against him in his individual capacity.

## **PROCEDURAL HISTORY**

In 2005, Mr. Brown was wrongfully convicted of the capital murder of Officer Charles Clark, who were shot and killed during a botched robbery of an Ace Check Cashing store in South Houston on April 3, 2003. (Compl. ¶¶ 24, 32.) The robbery and murders, which were committed by three men, started at about 9:39 a.m. and ended at about 9:45 a.m. (Compl. ¶ 32.) Two of the men—Dashan Glaspie and Elijah Joubert—were correctly identified and quickly admitted to their involvement. (Compl. ¶¶ 34-37, 65.) Despite several likely suspects for the third man, implicated by credible evidence and witnesses, law enforcement did not fully investigate or follow up on any of these men. (Compl. ¶¶ 34, 44-48, 64-81.) Instead, police and investigators pressured witnesses into identifying Mr. Brown as the third man with Glaspie and Joubert. (Compl. ¶¶ 46-63.) Less than twenty-four hours after the murders, the Houston Police Department arrested Mr. Brown. (Compl. ¶¶ 38-40.)

Mr. Brown immediately provided investigators with his alibi—that he was at the home of his girlfriend, Ericka Dockery, at the time of the murders. (Compl. ¶¶ 83-89.) He had made a call to Ms. Dockery from the landline phone at her house to her work at 10:08am and spoke with Ms. Dockery. (Compl. ¶¶ 87, 112.) The caller ID confirmed the call was made from Ms. Dockery's home. (Compl. ¶ 87.) Mr. Brown's alibi was also corroborated by testimony and witness statements from Ms. Dockery and her cousin, Reginald Jones. (Compl. ¶¶ 86, 112-119.) Defendant Rizzo, however, ultimately threatened Ms. Dockery with perjury, jail time and the removal of her children if she did not change her story. (Compl. ¶¶ 90-112.) In April or May 2003, months before Mr.

Brown was indicted, the prosecution received phone records that provided documentary proof of Mr. Brown's alibi, placing him at Ms. Dockery's home and not at the scene of the crime. (Compl. ¶¶ 126-137.) These records were withheld from Mr. Brown's defense team and were "found" in the garage of Defendant McDaniel, a Houston Police Department homicide detective, ten years later. (Compl. ¶¶ 126-127.)

Based on perjured and coerced testimony in front of the grand jury, Mr. Brown was indicted on June 18, 2003. Prior to trial, Defendant Rizzo and the Harris County District Attorney's office continued to threaten and pressure witnesses to change their story to inculpate Mr. Brown, and during trial knowingly elicited this false testimony. On this basis, Mr. Brown was convicted of capital murder on October 18, 2005, and was sentenced to the death penalty on October 25, 2005. (Compl. ¶ 24.) Over the ten years that followed, Mr. Brown pursued post-conviction relief. Defendant Rizzo was no longer prosecuting the case or handling the appeal. On July 11, 2008, Defendant Rizzo provided an affidavit to the Court of Appeals which falsely stated that he did not withhold any landline records from Erica Dockery's home. (Compl. ¶ 136; Ex. A.)

On November 5, 2014, the Texas Court of Criminal Appeals issued an order vacating Mr. Brown's conviction and sentence, and remanded the case to the trial court for "a new trial or other proceeding consistent with this opinion." (Compl. ¶ 138.) The opinion held that "the State withheld evidence that was both favorable and material to applicant's case in violation of *Brady v. Maryland*, 373 U.S. 83 (1963)" and acknowledged that "the State conceded that material exculpatory evidence was withheld from applicant." (Compl. ¶ 139.) The mandate did not come down until December 1, 2014. (Dkt. No. 22-1 at ¶ 4.)

Mr. Brown remained incarcerated pending a new trial. (Dkt. No. 22-1 at ¶ 5.) While the new trial was pending, the State informed the District Court that it was continuing to investigate the case for a potential re-trial. (Dkt. No. 22-1 at ¶ 6.) On June 8, 2015, the State moved to dismiss the case against Mr. Brown for insufficient evidence, and the District Court granted the State's motion. (Compl. ¶ 140.) Later that day, Mr. Brown was released from custody. (Compl. ¶ 141.)

Mr. Brown filed his Complaint on June 8, 2017, asserting claims, *inter alia*, against Defendant Rizzo under 42 U.S.C. § 1983 for fabrication of evidence, failures to disclose exculpatory evidence, conspiracy to conceal evidence, unconstitutional policies, customs and practices, and supervisory liability. Defendant Rizzo, the Harris County prosecutor who brought the case against Mr. Brown, filed a motion to dismiss on September 5, 2017 (Dkt. No. 7.) On December 26, 2017, the Court issued a Memorandum and Opinion that, among other things, granted Defendant Rizzo's motion to dismiss on the grounds that he was entitled to prosecutorial immunity for the alleged misconduct because his actions were taken in his prosecutorial function. (Dkt. No. 39.) The Court granted Defendant Rizzo's motion without prejudice and with leave to amend. (Dkt. No. 39 at 26-27.)

During discovery in this matter, on March 2, 2018, an email was produced by Defendants Kim Ogg ("Defendant Ogg") and Harris County, which indicated that Defendant Rizzo had been aware of the phone records corroborating Mr. Brown's alibi since April 22, 2003. (Ex. B.) This was the first time Mr. Brown had knowledge that Defendant Rizzo's affidavit was demonstrably false. As a result of this email, on May 2, 2018, Defendant Ogg announced that she had appointed an independent investigator,

4

Attorney John Raley, to conduct a review of the criminal case against Mr. Brown to determine whether he is "actually innocent." (Press Release, Harris County District Attorney Kim Ogg, DA Ogg Announces Review of Alfred Brown Case (May 2, 2018) (https://app.dao.hctx.net/da-ogg-announces-review-alfred-brown-case). On March 1, 2019, the independent investigation was complete and the Report of Special Prosecutor Raley concluded that Mr. Brown's "case meets the legal definition of 'actual innocence.'" (Dkt. No. 76 at Ex. 1, 83.) Mr. Raley also filed a complaint with the Texas State Bar for Mr. Raley's misconduct over the course of this case, including lying to the tribunal in his 2008 affidavit. (Ex. C at 12-13, 15.)

## ARGUMENT

Defendant Rizzo's prosecutorial misconduct in handling Mr. Brown's criminal case – from the initial investigation, to the grand jury, the trial – was egregious and disturbing. This Court held that, regardless of the severity of this conduct, Defendant Rizzo is entitled to absolute immunity from suit for acts taken in the commission of a prosecution. Accordingly, Defendant Rizzo was dismissed from this case, without prejudice and with leave to amend. Mr. Brown has now discovered that Defendant Rizzo was demonstrably aware of the exculpatory phone records that he kept from Mr. Brown and his counsel during his criminal case. (Ex. B.) Years later, in 2008, Defendant Rizzo provided an affidavit that he did not suppress these records, in opposition to Mr. Brown's collateral attack. The contours of prosecutorial immunity do not protect Defendant Rizzo from his false statements, made under oath long after his prosecutorial role had ended.

It is well-settled that prosecutors generally have immunity from suit for conduct performed for the purpose of convicting a criminal defendant. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976)("To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.") The contours of a prosecutor's absolute immunity, however, are finite. This absolute immunity extends only to claims arising from conduct that occurred when the prosecutor was "serving as an advocate in judicial proceedings." *Kalina v. Fletcher*, 522 U.S. 118, 125 (1997). For all other conduct, prosecutors are entitled to qualified immunity, as with other ordinary public officials.

The Fifth Circuit has carved out some specific exceptions, holding that "a prosecutor is afforded only qualified immunity for acts performed in the course of 'administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings.'" *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016)(citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). To determine whether a particular action by a prosecutor is entitled to absolute immunity, courts apply "a 'functional approach,'" which looks to "the nature of the function performed, not the identity of the actor who performed it." *Buckley*, 509 U.S. at 269) (citing *Burns v. Reed,* 500 U.S. 478, 486 (1991) and *Forrester v. White,* 484 U.S. 219, 229 (1988)). For acts that have no connection to a prosecutor's "role as an advocate for the State," prosecutors are not entitled to absolute immunity. *Burns*, 500 U.S. at 491.

Defendant Rizzo's prosecutorial immunity did not attach indefinitely, and once he ceased to function as an advocate, so too did his absolute immunity cease. In 2008, long

6

after his role as prosecutor had concluded, Defendant Rizzo provided a false affidavit to the appellate court, in a (successful) effort to keep Mr. Brown on death row. Defendant Rizzo's affidavit stated, specifically, that he did not suppress the phone records that corroborated Mr. Brown's alibi. (Ex. A.) Due to the March 2, 2018 disclosure of an email from Defendant McDaniel, it is now evident that this affidavit was *knowingly* false. Defendant Rizzo demonstrably had knowledge of these records in April 2003, as he had learned of them while seeking an indictment of Mr. Brown from the grand jury. (Ex. B; *see also* Ex. C at 12-13, 17-21.)

When a prosecutor handles the post-conviction proceedings against a criminal defendant, absolute immunity extends to this judicial process because he is still acting in his role as an advocate. *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979)(prosecutor entitled to immunity in "handling appeals"). That immunity does <u>not</u> extend, however, to actions taken by a prosecutor who is not handling the appeal. *See, e.g., Moon v. City of El Paso,* 906 F.3d 352, 359 (5th Cir. 2018), *cert. denied sub nom. Moon v. Cty. of El Paso, Tex.,* 139 S. Ct. 2616, 204 L. Ed. 2d 265 (2019)(prosecutor's immunity extends to post-conviction proceedings only if he "continues his role as an advocate"); *Houston v. Partee*, 978 F.2d 362, 366 (7th Cir. 1992)(defendant prosecutors were not entitled to absolute immunity during the appellate process because they "were not involved in the post-conviction proceedings; that is, they were not personally prosecuting the appeal"); *Allen v. Lowder,* 875 F.2d 82, 86 (4th Cir.1989)(district attorney "cannot seriously argue that his actions resulted from any advocacy role in rehabilitating [the plaintiff's] conviction" because he "did not himself participate in the presentation of the state's appeal"); *Spurlock*

*v. Thompson*, 330 F.3d 791, 799 (6th Cir. 2003)("where the role as advocate has not yet begun, namely prior to indictment, or where it has concluded, absolute immunity does not apply.")

Defendant Rizzo was not personally handling Mr. Brown's appeal. He is, therefore, not entitled to immunity for his misconduct during Mr. Brown's post-conviction proceedings – namely, false statements made to the tribunal to keep Mr. Brown on death row, now revealed to have been patently untruthful. Accordingly, Mr. Brown requests that the claims against Defendant Rizzo be reinstated, although limited in scope to his misconduct during Mr. Brown's post-conviction proceedings.[1]

## CONCLUSION

For these reasons, Mr. Brown respectfully requests that the Court reinstate the claims against Defendant Rizzo under 42 U.S.C. § 1983 for violations of Mr. Brown's civil rights after the conclusion of his role as prosecutor.

---

[1] Plaintiff submits that his Original Complaint (Dkt. No. 1) contains allegations sufficient to support the claims against Defendant Rizzo for his conduct after the conclusion of his role as prosecutor. This includes Defendant Rizzo's conduct during Mr. Brown's post-conviction proceedings, which is outlined in the original complaint. If, however, the Court requires additional allegations related to this claim, Plaintiff respectfully requests leave to amend his complaint pursuant to Fed. R. Civ. P. 15 for this discrete purpose.

Date: November 4, 2019

Respectfully submitted,

**EDWARDS KIRBY, LLP**

_____/s/ Catharine E. Edwards_____
**Catharine E. Edwards**
North Carolina Bar No. 52705
email: cedwards@edwardskirby.com
*Admitted *Pro Hac Vice*
**Kristen L. Beightol**
North Carolina Bar No. 27709
email: kbeightol@edwardskirby.com
*Admitted *Pro Hac Vice*

3201 Glenwood Avenue, Suite 100
Raleigh, North Carolina 27612
(919) 780-5400 Telephone
(919) 800-3099  Facsimile

**FOX ROTHSCHILD, LLP**

**C. Dunham Biles**
Texas State Bar No. 24042407
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas, Texas 75240-6215
(214) 231-5720 Telephone
(972) 404-0516 Facsimile
E-Mail: cbiles@foxrothschild.com

*Attorneys for Plaintiff Alfred Dewayne Brown*

## **CERTIFICATE OF SERVICE**

I certify that on the 4th day of November, 2019, a true and correct copy of the foregoing document was delivered to all counsel of record via the CM/ECF System and served by electronic notice to all parties of record.

             By: /s/ Catharine E. Edwards
                Catharine E. Edwards