# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| ALFRED DEWAYNE BROWN, *Plaintiff* vs. CITY OF HOUSTON, TEXAS; HARRIS COUNTY, TEXAS; BRECK McDANIEL; KIM OGG; TED C. BLOYD; and D.L. ROBERTSON, *Defendants.* | CIVIL ACTION NO. 4:17-CV-01749 JURY DEMANDED |

## RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION TO REINSTATE

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................ ii

TABLE OF CITATIONS ....................................................................................... iii

SUMMARY OF ARGUMENT ................................................................................1

BACKGROUND AND STAGE OF THE PROCEEDING .....................................1

ARGUMENT ...........................................................................................................2

    I.    MOTION IS NOT BASED ON ANY NEW ALLEGATION OR THEORY OF LIABILITY ..........................................................................2

    II.   BROWN'S CASES DO NOT SUPPORT HIS POSITION .......................5

    III.  THE STATUTE OF LIMITATIONS APPLIES TO BAR ANY EFFORT TO BRING RIZZO BACK INTO THIS LAWSUIT ................................8

    IV.  THERE IS NO EQUITABLE TOLLING FOR BROWN .......................12

CONCLUSION ......................................................................................................13

CERTIFICATE OF SERVICE ..............................................................................14

# TABLE OF CITATIONS

## CASES

Page(s)

*Allen v. Lowder*,
  875 F.2d 82 (4th Cir, 1989) .................................................................................. 8

*Beck v. Caterpillar Inc.*,
  50 F.3d 405 (7th Cir.1995) ................................................................................ 9, 10

*Brandley v. Keeshan*,
  64 F.3d 196 (5th Cir. 1995) ..................................................................................... 4

*Burnett v. New York Central R.R. Co.*,
  380 U.S. 424 (1965)............................................................................................... 12

*Chico–Velez v. Roche Products, Inc.*,
  139 F.3d 56 (1st Cir.1998)....................................................................................... 9

*Conover v. Lein*,
  87 F.3d 905 (7th Cir.1996) ...................................................................................... 9

*Cousin v. Small*,
  325 F.3d 627 (5th Cir. 2003) ............................................................................... 5, 6

*Cruz v. Louisiana ex rel. Dept. of Public Safety and Corrections*,
  528 F.3d 375 (5th Cir.2008) .................................................................................. 11

*Dade County v. Rohr Industries, Inc.*,
  826 F.2d 983 (11th Cir.1987) ................................................................................ 10

*Elmore v. Henderson*,
  227 F.3d 1009 (7th Cir. 2000) ........................................................................... 9, 13

*Fields v. Wharrie*,
  672 F.3d 505 (7th Cir. 2012) ............................................................................... 6, 7

# TABLE OF CITATIONS – (Cont'd)

## CASES

Page(s)

*Garfield v. J.C. Nichols Real Estate*,
 57 F.3d 662 (8th Cir.1995) ............................................................................. 9

*Hawkins v. McHugh*,
 46 F.3d 10 (5th Cir.1995) ............................................................................. 10

*Henzel v. Gerstein*,
 608 F.2d 654 (5th Cir.1979) ........................................................................... 6

*Hilbun v. Goldberg*,
 823 F.2d 881 (5th Cir.1987) ......................................................................... 10

*Hoog-Watson v. Guadalupe*,
 591 F.3d 431 (5th Cir. 2009) .......................................................................... 1

*Houston v. Partee*,
 978 F.2d 352 (7th Cir. 1992) .......................................................................... 6

*Johnson v. Nyack Hospital*,
 86 F.3d 8 (2d Cir.1996) .................................................................................. 9

*Justice v. United States*,
 6 F.3d 1474 (11th Cir.1993) .................................................................... 12, 13

*Lambert v. United States*,
 44 F.3d 296 (5th Cir.1995) .......................................................... 2, 9, 10, 12

*Moon v. City of El Paso*,
 906 F.3d 352 (5th Cir. 2018) ...................................................................... 5, 7

*Moore v. Indiana*,
 999 F.2d 1125 (7th Cir. 1993) ...................................................................... 11

# TABLE OF CITATIONS – (Cont'd)

# CASES

Page(s)

*Newby v. Enron Corp.*,
   542 F.3d 463 (5th Cir. 2008) .................................................................. 11

*Nixon v. Fitzgerald*,
   457 US. 731 (1982) .................................................................................. 14

*Powell v. Starwalt*,
   866 F.2d 964 (7th Cir.1989) ...................................................................... 9

*Reed v. City of Alexandria*,
   2015 WL 1822383 (W.D. La. Apr. 21, 2015) .................................... 10, 11

*Reid v. New Hampshire*,
   56 F.3d 332 (1st Cir.1995) .......................................................................... 6

*Robinson v. Volkswagenwerk AG*,
   940 F.2d 1369 (10th Cir.1991) ................................................................... 6

*Schaefer v. Gulf Coast Regional Blood Ctr.*,
   10 F. 3d 327, (5th Cir. 1994) ...................................................................... 8

*Spurlock v. Thompson,*
330 F.3d 791 (6th Cir. 2003) ......................................................................... 8

*Tudor Dev. Group, Inc. v. U.S. Fidelity & Guar. Co.*,
   968 F.2d 357 (3rd Cir.1992) .................................................................... 12

*Van de Kamp v. Goldstein*,
   555 U.S. 335 (2009) ................................................................................... 5

*Wallace v. Kato*,
   549 U.S. 384 (2007) ................................................................................... 8

# TABLE OF CITATIONS – (Cont'd)

## STATUTES

**Page(s)**

Tex Civ. Prac. & Rem. Code 16.003(a) .................................................................. 8

# RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION TO REINSTATE

**A. Summary of Argument**

Former Defendant Dan Rizzo files this response to Plaintiff's Motion to Reinstate him as a defendant (Docket Entry 103)(DE). Nothing in this response should be construed as a waiver of service of process or consent to be sued. As Brown does not raise any new arguments in this motion, it should be denied on the basis of absolute prosecutorial immunity.[1] This motion is further barred by the statute of limitations.

**B. Background and Stage of the Proceeding**

Plaintiff filed his Original Complaint on June 8, 2017, the day the statute of limitations expired (Docket Entry 1)(DE). Former Assistant District Attorney Daniel J. Rizzo filed his Motion to Dismiss on September 5, 2017 (DE 7). Plaintiff filed his response on September 26, 2017 (DE 22), and Mr. Rizzo replied on October 6, 2017 (DE 26). The Court dismissed Defendant Rizzo without prejudice on December 26, 2017 (DE 39). In the Order, the Court ordered Plaintiff to file an amended complaint by March 29, 2018. Plaintiff failed to do so.

---

[1] Prosecutors are also entitled to qualified immunity for acts performed in the course of administrative duties and investigatory functions that do not relate to prosecution preparation or judicial proceedings. *Hoog-Watson v. Guadalupe*, 591 F.3d 431, 438 (5th Cir. 2009). Mr. Rizzo asserts qualified immunity here as well in an abundance of caution.

Thus, on December 26, 2017, almost two years ago, Rizzo was out of the lawsuit, and the limitations statute began to tick again as to him because he was dismissed without prejudice. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir.1995).

On March 16, 2018, the remaining parties, absent Mr. Rizzo, moved to extend the deadline to file motions for leave to amend pleadings to July 27, 2018 (DE 57). On May 14, 2018, the suit was stayed (DE 70). The stay remained for more than a year while Mr. John Raley investigated Plaintiff's innocence (DE 87). The stay was lifted on July 15, 2019. A proposed scheduling order as to the remaining parties, again without Mr. Rizzo, was filed on July 17, 2019, which included a new deadline for motions for leave to amend the pleadings by September 30, 2019 (DE 89), but it was not signed by the judge. Plaintiff filed this Motion to Reinstate on November 4, 2019 (DE 103), nearly two years after Mr. Rizzo's dismissal. Defendant now files this Objection.

## **ARGUMENT**

### I. **MOTION IS NOT BASED ON ANY NEW ALLEGATON OR THEORY OF LIABILITY**

In his latest motion, Brown asserts that Mr. Rizzo should be brought back into the case because an 2003 email shows he was "demonstrably aware of the exculpatory phone records that he kept from Mr. Brown and his counsel during his

criminal case" and lied about it in an affidavit (DE 103-5)[2]. Brown already made this same allegation in his original complaint. Brown's counsel openly admits (DE 103-8, Fn. 1).

Plaintiff's Complaint (DE 1) made the following allegations, among others, related to the withholding the allegedly exculpatory phone records:

> 129. Defendants McDaniel and <u>Rizzo knew</u> the landline phone records would be important, relevant, and potentially exculpatory, which is why it sought court approval to subpoena them. …
>
> 134. <u>Although both Defendant Rizzo and Defendant McDaniel had the phone records which unequivocally showed Mr. Brown's innocence, those phone records were never given to Mr. Brown's defense counsel</u>. ….
>
> 136. Defendant signed an Affidavit, under oath, on July 11, 2008. In that Affidavit, Rizzo stated that with respect to the telephone records 'I did not suppress knowledge of or information about a land-line call from Ericka Dockery's apartment to Alma Berry's house.' Affidavit of Dan Rizzo, July 11, 2008. <u>This statement is false, deliberately indifferent, and/or reckless</u>."

(*emphasis added*).

Brown points to this 2003 email discovered by the DA's office almost two years ago (in 2018) as the vehicle by which Mr. Rizzo loses absolute immunity and as grounds to bring him back into the lawsuit.[3] Plaintiff already alleged these same facts in Paragraph 136 of his original complaint.

---

[2] Docket Entry with page number.
[3] Email dated April 22, 2003, Exhibit B, Ex. 24. There is no evidence that Mr. Rizzo opened this email. See Exhibit B, 11-11-19 response, pp. 21-23, quoting affidavit of expert Eric Devlin (Exhibit A, Ex. 8) that DA office did properly preserve this evidence and that there is no evidence it was opened.

The 15-year-old email to Mr. Rizzo from co-Defendant Breck McDaniel, produced on March 3, 2018 to the current parties, merely serves as evidence to support Plaintiff's long held and already pled contention that Rizzo knowingly withheld exculpatory evidence and lied about doing so in his 2008 affidavit during the habeas proceedings. There is no malice exception to absolute immunity. *Brandley v. Keeshan,* 64 F.3d 196, 200-202 (5th Cir. 1995).

This email, which did not come with the landline records,[4] does not constitute a new allegation that would eliminate absolute immunity. It is a distinction without a difference.

Also, Plaintiff tries to use Mr. Raley's report and a concurrent appeal of a dismissed bar complaint as a way to resurrect what this court has already determined to be protected by absolute immunity (DE 103-4-5). Brown attaches Raley's 179-page report to his motion (Report dated March 1, 2019).[5] Brown adds that Mr. Raley filed a complaint with the State Bar against Rizzo, but the State Bar dismissed it.

---

[4] Exhibit B, pp. 22.
[5] Attached to this Response is Mr. Rizzo's critique of Raley's report as part of the Bar grievance (Exhibit A, with attached and numbered exhibits, dated 9-23-19; attached as Exhibit B, is Mr. Rizzo's second reply to the Bar with exhibits, dated 11-11-19. Mr. Raley has refiled the Bar complaint, although State Bar rules forbid this. *See* State Bar Rule 2.13: "If the Summary Disposition Panel dismisses the Complaint, both the Complainant and the Respondent will be so notified. There is no appeal from a determination by the Summary Disposition from a determination by the Summary Disposition Panel that the Complaint should be dismissed or proceed …" Raley's second complaint is improper and in violation of the Bar rules.

## II. BROWN'S CASES DO NOT SUPPORT HIS POSITION

Plaintiff argues that the 2008 affidavit is post-trial and therefore outside prosecutorial immunity (103-7), citing to the *Moon v. City of El Paso,* 906 F.3d 352, 359 (5th Cir. 2018), *cert denied sub. nom., Moon v. City of El Paso, Tex*., 139 S. Ct. 2016, 204 L.Ed. 2d 265 (2019). *Moon* does not help Plaintiff. Brown misleadingly quotes this: "prosecutor's immunity extends to post-conviction proceedings only if he 'continues in his role as advocate.' " This is taken out of context. The Fifth Circuit in *Moon* wrote:

> Moon argues that absolute immunity does not apply since the habeas proceeding had ended. But absolute immunity is about <u>more than mere chronology.</u> More legal proceedings followed intermittently until Moon's exoneration nine years later. Moreover, the decision-making process—whether to turn over non-exonerative post-conviction evidence—was precisely the type of <u>prosecutorial function</u> the Supreme Court envisioned in *Van de Kamp*.[6]

*Moon*, 906 F.3d at 360 (*emphasis added*).

Thus, in a habeas proceeding, just as alleged by Brown, with an exoneration many years later, just like Brown, the Fifth Circuit did end absolute immunity, but instead relied on the classification of the action as a "prosecutorial function." *Moon* also cites to *Cousin v. Small*, 325 F.3d 627, 636 (5th Cir. 2003) (holding absolute immunity is "functional rather than temporal.") Importantly, in that case, the Fifth Circuit begins by stating that "the suppression of exculpatory evidence is shielded

---
[6] *Van de Kamp v. Goldstein*, 555 U.S. 335, 343-44 (2009)

by absolute immunity." *Cousin*, at 635, citing to *Henzel v. Gerstein,* 608 F.2d 654, 657 (5th Cir.1979); *Reid v. New Hampshire,* 56 F.3d 332, 336 (1st Cir.1995); *Robinson v. Volkswagenwerk AG,* 940 F.2d 1369, 1373 n. 4 (10th Cir.1991).

In *Henzel*, also cited by Brown, the Fifth Circuit was "not persuaded by plaintiff's argument that immunity should not extend to a prosecutor's conduct in handling appeals. The policy underlying a grant of immunity is the same in both situations … *Henzel,* 657. Plaintiff takes this to mean immunity does not extend to actions taken by a prosecutor <u>who is not</u> handling an appeal (DE 103-7). And he cites to *Moon*. But *Moon* says the opposite -- the inquiry is one of function, not timing.

Brown also sites *Houston v. Partee*, 978 F.2d 352, 359 (7th Cir. 1992), in which prosecutors, post-conviction and during direct appeals, failed to disclose exculpatory evidence. Twenty years after *Partee*, the Seventh Circuit reversed itself in *Fields v. Wharrie*, 672 F.3d 505, 515-16 (7th Cir. 2012):

> The district court suggests that because Wharrie was preparing for other trials and no longer directly involved in Fields' appeal or retrial, this fact wrests from him his prosecutorial function. <u>We disagree</u>. … … <u>As the original prosecutor, however, he was not fully divorced from Fields' judicial proceedings until all direct judicial remedies were exhausted and Fields' conviction became final.</u> **It follows that the immunity attendant to his prosecutorial disclosure obligation survives his departure from the courtroom as well.**

*Fields v. Wharrie*, 672 F.3d 505, 515–16 (7th Cir. 2012)(*emphasis added*).

The Seventh Circuit explains its change as follows:

6

> In *Partee,* we answered this question affirmatively. We concluded that once a prosecutor stopped participating on a particular trial team, his "knowledge of and failure to disclose [material evidence] ... had no connection to [his] role as advocate for the State." *Partee,* 978 F.2d at 366. <u>The Supreme Court's reasoning in *Van de Kamp,* however, suggests that a **prosecutor's direct participation in an appeal or retrial is no longer dispositive of his right to absolute immunity.**</u>

*Fields,* 672 F.3d at 512 (7th Cir. 2012)(emphasis added).

So both the Fifth and Seventh Circuits, unlike its older *Partee* opinion and relying on the Supreme Court's *Van de Kamp* decision, finds that prosecutorial immunity follows the prosecutor after he leaves the "courtroom." It does not matter that Mr. Rizzo did not participate in the habeas proceedings, other than his affidavit. *Moon*, 906 F.3d at 360. His affidavit is about his actions as a prosecutor in this underlying criminal case, which this court has already ruled as protected by absolute immunity. Plaintiff has not alleged any new facts.

Further, Mr. Rizzo stands by his affidavit. He never saw the landline records at issue in this case. In the bar response and attachments, there is ample evidence that only McDaniel had these unique records.[7] Mr. Rizzo's co-counsel and the lead police investigators never saw these records. The phone records were never checked into evidence by the police, and never made their way into the case file.[8] In addition,

---

[7] Attorney Chris Tritico and Mr. Rizzo have given permission to use their Bar replies in this Response.
[8] Exhibit 6, Affidavit of Brian Harris; Exhibit 7, Affidavit of Nelson Zoch; Exhibit 8, Affidavit of former ADA Tommy LaFon; Exhibit 11, Affidavit of John McGalin

7

while Mr. Raley disagrees, the phone records are not exculpatory but rather inculpatory.[9]

Finally, both *Spurlock v. Thompson*,[10] 330 F.3d 791, 799 (6th Cir. 2003) and *Allen v. Lowder*, 875 F.2d 82, 86 (4th Cir, 1989),[11] are not precedent, pre-date the Supreme Court's decision in *Van de Kamp* and are factually distinct.

Plaintiff does not have grounds to reinstate Mr. Rizzo on the same allegations that this court already found as protected by absolute immunity. Further, it is too late as the statute has been prescribed, as shown below.

### III. THE STATUTE OF LIMITATIONS APPLIES TO BAR ANY EFFORT TO BRING RIZZO BACK INTO THIS LAWSUIT

Inexplicably, Brown filed his civil rights lawsuit on the very day the statute of limitations expired on June 8, 2017 (DE 1).[12] The statute is two years.[13]

As stated above, when Mr. Rizzo was dismissed without prejudice, this court instructed Plaintiff that he must file an amended complaint by March 29, 2018.

---

[9] DE 26-7; Mr. Rizzo put on witness testimony regarding 10:08 a.m. phone call to Alma Berry where Ericka Dockery worked as an aide. No one identified the call as a three-way call until May of 2018. Expert testimony established the call as a 3-way phone call from the VA apartments to Dockery's home to Ms. Berry's home. See DE 61, Exhibit 1, landline records; Exhibit 2, affidavit of Ben Levitan.

[10] Prosecutor threatened witness a year after conclusion of criminal proceedings.

[11] Prosecutor denied absolute immunity for seeking post-trial order when he no longer represented State.

[12] Brown was let out of prison on June 8, 2015. Rizzo preserves his prior argument that the statute began to run on November 5, 2014, when the Texas Court of Criminal Appeals vacated his conviction and sentence.

[13] *Wallace v. Kato*, 549 U.S. 384, 387 (2007); Tex Civ. Prac. & Rem. Code 16.003(a); *Schaefer v. Gulf Coast Regional Blood Ctr.*, 10 F. 3d 327, 331, (5th Cir. 1994).

Rizzo was out of the lawsuit at that point, and no longer a defendant. Brown let that deadline pass.

As the case law below shows, the moment Mr. Rizzo was dismissed without prejudice, the statute began to tick again. Since Plaintiff filed the day the statute expired, Brown arguably had one day to bring Rizzo back in. The court gave them 3 months. Even if credit is given for the court's stay, that stay was lifted 4 months ago. Any equitable tolling is lost because they had the email for 20 months, and the allegation that he lied regarding the phone records is in the original complaint. "The filing of a lawsuit stops the running of the statute of limitations, though only contingently." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000).

When a suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir.1995); see also, *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000), citing to *Conover v. Lein*, 87 F.3d 905, 908–09 (7th Cir.1996); *Beck v. Caterpillar Inc.*, 50 F.3d 405, 407 (7th Cir.1995); *Powell v. Starwalt*, 866 F.2d 964, 966 (7th Cir.1989); *Chico–Velez v. Roche Products, Inc.*, 139 F.3d 56, 59 (1st Cir.1998); *Johnson v. Nyack Hospital*, 86 F.3d 8, 11 (2d Cir.1996); *Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 666 (8th Cir.1995).

"In other words, a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed." *Elmore*, citing to *Beck v. Caterpillar Inc., supra*, 50 F.3d at 407. In *Lambert,* while the timely filing of Lambert's first suit tolled § 2401(b)'s six-month statute of limitations, the district court's order dismissing the suit without prejudice left Lambert in the same position as if the first suit had never been filed. *Lambert*, 44 F.3d at 298, citing to *Hilbun v. Goldberg,* 823 F.2d 881, 883 (5th Cir.1987), *cert. denied,* 485 U.S. 962 (1988). Because Lambert's second suit was filed more than six months after the INS mailed its final notice denying his claim, his second suit is time barred under the plain language of § 2401(b). *Id.*, citing to *Dade County v. Rohr Industries, Inc.*, 826 F.2d 983, 989 (11th Cir.1987). Were this not the rule, statutes of limitations would be easily nullified. The plaintiff could file a suit, dismiss it voluntarily the next day, and have forever to refile it. *Id.*

"A federal court that dismissed without prejudice a suit arising from a federal statutory cause of action has not adjudicated the suit on its merits, and leaves the parties in the same legal position as if no suit had been filed. Such a dismissal will result in an action being time-barred if the applicable statute of limitations has run after the filing of the complaint." *Reed v. City of Alexandria*, No. 1:14-CV-00854, 2015 WL 1822383, at *3–4 (W.D. La. Apr. 21, 2015), citing to *Hawkins v. McHugh,* 46 F.3d 10, 12 (5th Cir.1995) (a dismissal without prejudice leaves the parties in the

same legal position as if no suit had been filed); and *Cruz v. Louisiana ex rel. Dept. of Public Safety and Corrections,* 528 F.3d 375, 378 (5th Cir.2008).

> The Fifth Circuit in *Reed* ruled that the plaintiff's action was prescribed. *Id.*
>
> Pursuant to Fifth Circuit case law, Reed's action is prescribed; since Reed's first suit was dismissed for failure to comply with a court order pursuant to Rule 41(b), prescription was not interrupted by the first lawsuit. Under the facts presented by Reed in his complaint, any cause of action Reed may have had arising from his arrest culminated on September 20, 2011, the one year limitation period ran through September 20, 2012, and this suit was filed nineteen months after that date, on April 21, 2014.

*Id.*

Brown also had remedies he did not use. For example, if a motion for leave to amend is filed within a limitations period, the statute is tolled until the court rules. *Newby v. Enron Corp.*, 542 F.3d 463, 470 (5th Cir. 2008) (citing, among others, *Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993)) ("As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion."). But we don't have that situation here. Brown literally had no time in the bank, let this court's deadline pass, did not ask for more time, did nothing with this "new email" for nearly 20 months, and now asks that Mr. Rizzo be reinstated based on the same allegations in the original complaint.

11

Ultimately, these cases show Brown is too late to reinstate Mr. Rizzo, and he has no excuse, as shown below.

## IV. THERE IS NO EQUITABLE TOLLING FOR BROWN

Brown cannot sit on his rights, file his lawsuit the day the statute expires, ignore court-ordered deadlines to replead, let months go by and then try to bootstrap himself to an equitable tolling argument. The doctrine of equitable tolling only preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable. *Lambert,* 44 F.3d at 298–99, citing to *Burnett v. New York Central R.R. Co.,* 380 U.S. 424, 428 (1965). There is no inequity here as the allegations are the same. The Fifth Circuit in *Lambert* cited to the Supreme Court regarding equitable tolling and cases where it had been applied:

> This is not a case in which a claimant has received inadequate notice; or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; or where the court has led the plaintiff to believe that she has done everything required of her. Nor is this a case where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. (citations omitted). Traditional equitable principles preclude a court from invoking equitable tolling, however, when the party seeking relief has an adequate legal or statutory remedy to avoid the consequences of the statute of limitations. *Justice v. United States,* 6 F.3d 1474, 1480 (11th Cir.1993); *see also Tudor Dev. Group, Inc. v. U.S. Fidelity & Guar. Co.,* 968 F.2d 357, 364 (3rd Cir.1992).

*Lambert,* 44 F.3d at 298–99.

Mr. Rizzo has not hoodwinked Brown; Brown has had all kinds of notice and time; there are no grounds for tolling given the court's deadline, he had access to

and notice of the disputed email, and the length of time that passed after the stay was lifted for the remaining defendants. Brown could have timely filed an amended complaint or asked for more time, but did not avail himself of those remedies. There are no tolling provisions here.

In *Justice,* the Eleventh Circuit held that equitable tolling was not available in a second suit brought against the government under the Public Vessels Act and Suits in Admiralty Act where the first suit was dismissed for want of prosecution. *Justice*, 6 F.3d at 1482. That court reasoned that the plaintiff had several legal avenues available to remedy the dismissal of his first suit, including filing a motion for reconsideration and appealing the dismissal. *Id.* at 1480. The court concluded that the availability of these alternative legal remedies precluded the application of equitable tolling. *Id.* at 1482; see also, *Elmore v. Henderson*, 227 F.3d 1009, 1013 (7th Cir. 2000). In our case, Brown waited too long, and the statute of limitations applies, even if the court is of a mind to "reinstate."

## CONCLUSION

Plaintiff Brown fails to show that Mr. Rizzo should be reinstated. He raises no new grounds to overcome absolute immunity. Further, the statute of limitations has run. Ultimately, this motion impermissibly asks this court to reconsider Mr. Rizzo's motion to dismiss and this court's order granting dismissal on absolute immunity nearly two years ago. If the court grants reinstatement, effectively

denying absolute prosecutorial immunity, it will be subject to an interlocutory appeal.¹⁴ Mr. Rizzo will ask the court to set out its reasons for reinstatement and the denial of prosecutorial immunity, and to stay any further action as to Mr. Rizzo pending a ruling by the Fifth Circuit.

|  |  |
|---|---|
| OF COUNSEL: | /S/ Suzanne Bradley<br>**SUZANNE BRADLEY**<br>Assistant County Attorney |
| VINCE RYAN<br>HARRIS COUNTY ATTORNEY | Federal ID No. 24567<br>State Bar No. 00793375<br>1019 Congress, 15ᵗʰ Floor<br>Houston, Texas 77002<br>Telephone: (713) 274-5330<br>Facsimile: (713) 755-8924<br>Suzanne.Bradley@cao.hctx.net |

## CERTIFICATE OF SERVICE

I certify that on the 22ⁿᵈ day of November, 2019, a true and correct copy of the foregoing document was delivered to all counsel of record via the CM/ECF system and served by electronic notice to all parties of record.

/s/ Suzanne Bradley
SUZANNE BRADLEY
Assistant County Attorney

---

¹⁴ See generally, *Nixon v. Fitzgerald*, 457 US. 731, 742 (1982).

14