IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALFRED DEWAYNE BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-17-1749 |
| | § | |
| CITY OF HOUSTON, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Alfred Brown spent almost ten years on death row. His conviction was finally set aside after exculpatory evidence hidden from the defense for years was finally brought to light. The issue now is how to compensate for that loss of time and of rights. Brown has sued the City of Houston, Harris County, and Kim Ogg, in her official capacity as the current Harris County District Attorney, among others, for damages from his incarceration. Harris County has moved to dismiss Brown's claims against Kim Ogg because they duplicate Brown's claims against Harris County. After carefully reviewing the applicable law and the parties' arguments, the court grants Harris County's motion to dismiss those claims against Ogg. The reasons are explained below.

**I.  Background**

This court's prior opinion described the background, which is only briefly summarized here, based on Brown's complaint allegations and the documents in the public record from his trial, appeal, and habeas proceedings. As noted, after over 12 years in prison, including almost 10 on death row, the Texas Court of Criminal Appeals vacated Brown's conviction because of

*Brady v. Maryland*[1] violations. (Docket Entry No. 1 at ¶¶ 142, 147). Brown was released after the District Attorney declined to reprosecute. (*Id.* at ¶ 144). In June 2017, Alfred Brown sued the City of Houston, Houston Police Department Detective Breck McDaniel, Houston Police Department Officers Ted Bloyd and D.L. Robertson, Harris County, Harris County Assistant District Attorney Daniel Rizzo, and Kim Ogg, in her official capacity as the current Harris County District Attorney, seeking damages under § 1983. (Docket Entry No. 1). In December 2017, the court dismissed some of Brown's claims against Harris County, allowing his municipal liability claim to proceed. (Docket Entry No. 39). The court, denying a motion for reconsideration, found that the District Attorney had acted as an agent of Harris County, rather than of the State of Texas, in prosecuting Brown. (Docket Entry No. 56 at 10). Harris County then moved to dismiss the official-capacity claims against Kim Ogg. (Docket Entry No. 67). The court stayed the case pending the outcome of the County-initiated investigation into Brown's actual innocence. (Docket Entry No. 72).

In July 2019, that investigation produced a finding that Brown met the legal definition of actual innocence. (Docket Entry No. 76-1 at 90). The court lifted the stay, and Harris County again moved to dismiss the official-capacity claims against Ogg. (Docket Entry Nos. 87, 93). Brown responded; the County replied; and the court ordered additional briefs on Kim Ogg's dismissal or retention. (Docket Entry Nos. 98, 99, 100, 101, 102).

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

## II. The Applicable Legal Standards

### A. Rule 12(b)(6) [2]

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). If the allegations in the complaint, even if taken as true, do not entitle the plaintiff to relief, the complaint should be dismissed. *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007) (citing *Twombly,* 550 U.S. at 558).

### B. Official-Capacity Claims

Official-capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). The claim is treated as one against the entity, which is the real party-in-interest. *Graham*, 473 U.S. at 166. When a government-official defendant is sued in her official capacity, and the governmental entity is also sued, "[t]he official-capacity claims and the claims against the

---

[2] Harris County has moved to dismiss as redundant and duplicative the claims against Ogg under Rule 12(b)(6), as is typical in the Fifth Circuit. *See LULAC v. Texas*, No. 5:15-CV-219-RP, 2015 WL 3464082, at *2 (W.D. Tex. May 29, 2015) (collecting cases). The legal standard under Rule 12(b)(6) focuses on whether the plaintiff has alleged facts that plausibly entitle him to relief. Under Rule 12(f), the court, on its own, may also strike "any redundant . . . matter" from a pleading. Fed. R. Civ. P. 12(f). "'Redundant' matter consists of allegations that constitute a needless repetition of other averments in the pleadings." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2004).

governmental entity essentially merge." *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000). "Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Graham*, 473 U.S. at 166.

## III. Analysis

Harris County seeks to dismiss the official-capacity claims against Ogg as redundant and duplicative, arguing that the County is the only real party-in-interest to the claims.[3] (Docket Entry No. 93 at 4). Brown counters that "[c]laims against an individual in her official capacity routinely proceed alongside claims against the entity employing her," and that the "official capacity claim against Defendant Ogg can and should proceed as a claim against the office of the Harris County District Attorney, in addition to the claim against Defendant Harris County."[4] (Docket Entry No. 98 at 8, 10–11).

State law determines a governmental entity's capacity to sue or be sued. Fed. R. Civ. P. 17(b). Under Texas law, counties are organized as corporate entities and are capable of being sued, Tex. Loc. Gov't Code Ann. § 71.001 (West 2019), but agencies and subdivisions within a county are generally not entities capable of suit. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) ("Unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.").

---

[3] Harris County raises an argument that the State of Texas is the correct party-in-interest for the official-capacity claims against Ogg. (Docket Entry No. 93 at 4 n.7). In March 2018, this court found the Harris County District Attorney acted as an agent of the County, not the State. (Docket Entry No. 56 at 10). Harris County is the governmental entity represented by Ogg.

[4] Brown states that Ogg was also sued in her individual capacity, (Docket Entry No. 98 at 5), but the record shows that she was not. Brown has not argued this position before, and in Brown's Additional Brief, he states that "Ogg is sued only in her official capacity." (Docket Entry No. 101 at 1).

Under Texas law, offices within counties are not legal entities capable of being sued. In *Jacobs v. Port Neches Police Department*, 915 F. Supp. 842, 843 (E.D. Tex. 1996), the plaintiff sued a county sheriff's department and the county's district attorney's office for allegedly violating the plaintiff's civil rights. The district court dismissed the claims against both the sheriff's and the district attorney's offices, finding that neither was a legal entity capable of being sued under Texas law. *Id.* at 844; *accord Thomas v. Harris Cty. Sheriff's Dep't*, Civ. A. No. H-18-1800, 2019 WL 1201984, at *2 (S.D. Tex. March 14, 2019) (collecting cases). Similarly, in *Barrie v. Nueces County District Attorney's Office*, 753 F. App'x 260, 262 (5th Cir. 2018), the Fifth Circuit affirmed the district court's dismissal of a claim against the Nueces County District Attorney's Office. The court held that "the state of Texas or an authorized political subdivision must have granted [the office] authority to be sued if this lawsuit is to proceed as presently constituted," and the state had not done so. *Id.* at 264.

Brown argues that even though a district attorney's office is not a jural entity in Texas, Kim Ogg is an entity capable of being sued in her official capacity. (Docket Entry No. 98 at 9). But Ogg is sued because she represents Harris County, not the Harris County District Attorney's Office. Brown cannot bring claims against the Harris County District Attorney's Office, a non-jural entity, by suing Ogg in her official capacity. Harris County is the real party-in-interest to Brown's official-capacity claims against Ogg.

Fifth Circuit case law supports dismissing official-capacity claims as redundant when the appropriate governmental entity is also named as a defendant. In *Marceaux v. Lafayette City-Parish Consolidated Government*, 614 F. App'x 705, 706 (5th Cir. 2015), the Fifth Circuit affirmed a district court's dismissal of official-capacity claims against municipal officers when the municipality was also a defendant. The district court had adopted the magistrate judge's

report and recommendation, which found "numerous insufficiencies with many of the plaintiffs' claims, including . . . redundantly suing the municipality and individuals in their official capacities." *Id.* at 708. The Fifth Circuit affirmed the dismissal "for essentially the same reasons provided in the [magistrate judge's] thorough report adopted by the district court." *Id.*

In *Perry v. City of Georgetown*, No. 95-50054, 1995 WL 581938, at *2 (5th Cir. 1995) (unpublished), the Fifth Circuit dismissed an interlocutory appeal from the district court's denial of the defendant's motion to dismiss. The appellants argued that the district court erred by failing to dismiss official-capacity claims as redundant because the governmental entity was already a party. *Id.* The Fifth Circuit held that "[i]t is true, as [the appellants] argue, that claims against a city official in his official capacity are treated as claims against the city itself," but dismissed the appeal for lack of jurisdiction over an interlocutory appeal "that challenges the failure to dismiss 'redundant' claims." *Id; see also ODonnell v. Harris Cty.*, 227 F. Supp. 3d 706, 756 (S.D. Tex. 2016) (injunctive-relief claims against Harris County judges in their official capacities were dismissed as redundant because Harris County was already a party); *LULAC v. Texas*, No. 5:15-CV-219-RP, 2015 WL 3464082, at *2 (W.D. Tex. May 29, 2015) (collecting cases); *Dreyer v. City of Southlake*, No. 4:06-CV-644-Y, 2007 WL 2458778, at *9–10 (N.D. Tex. 2007) (official-capacity claims against the defendants were dismissed as redundant because the city was already a party).

Other circuits reach similar results. *See King v. City of Crestwood*, 899 F.3d 643, 650 (8th Cir. 2018) (a suit against an officer in his official capacity should be dismissed as redundant if the employing entity is also named); *Center for Bio-Ethical Reform, Inc. v. Los Angeles Cty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) (a district court may dismiss an official-capacity claim against a municipal officer when the local government is also sued); *Thanongsinh v. Bd. of*

*Educ.*, 462 F.3d 762, 771 n.7 (7th Cir. 2006) (affirming the dismissal of an official-capacity claim against a school board member because the claim was "no different than [the plaintiff's] claim against the School District itself").

Brown argues that the cases Harris County cites do not support dismissal, and that "[c]laims against an individual in her official capacity routinely proceed alongside claims against the entity employing her." (Docket Entry No. 98 at 8–9). But Brown has not shown that case law supports his argument. Brown argues that *Kentucky v. Graham*, which Harris County cites to establish that the entity is the real party-in-interest to the official sued, (Docket Entry No. 93 at 3), merely holds that the entity is responsible for any judgment and that the rights and defenses of the entity apply to the official. *Graham*, 473 U.S. at 166; (Docket Entry No. 98 at 11). Both are true; neither is dispositive of the issue. While many cases citing *Graham* dismiss official-capacity claims because sovereign immunity applies to the governmental entity, (Docket Entry No. 98 at 11), *Graham* also holds that the real party-in-interest to an official-capacity claim is the government entity itself.

Brown challenges Harris County's reliance on *Perez v. Harris County*, No. 93-2535, 1994 WL 286267, at *1 (5th Cir. June 24, 1994), which affirmed the district court's grant of summary judgment on an official-capacity claim against the Harris County Sheriff. The plaintiffs had sued Harris County and its sheriff in his official capacity, alleging that constitutionally deficient medical care in the county jail system resulted in their son's death. *Id.* at *1. The Fifth Circuit affirmed the district court's grant of summary judgment on the claim against Harris County, stating that the plaintiffs had not produced evidence showing a County policy that had caused their son's death. *Id.* at *4. The district court also granted summary judgment on the official-capacity claim against the Harris County Sheriff. *Id.* at *5. The Fifth

7

Circuit affirmed, holding that "since the real party in interest in an official-capacity suit is the governmental entity and not the named official, and because the plaintiffs asserted identical claims against Harris County, summary judgment was appropriate on claims asserted against [the Sheriff] in his official capacity." *Id.* at *5.

Harris County incorrectly relies on *Perez* to show a court dismissing an official-capacity claim because it was redundant to the claim against the governmental entity. (Docket Entry No. 93 at 4–5). But *Perez* does not illustrate dismissal solely because of redundancy. The same facts in *Perez* supported summary judgment both on the claim against Harris County and on the official-capacity claim because "the real party in interest in an official-capacity suit is the governmental entity and not the named official, and . . . the plaintiffs asserted identical claims against Harris County." *Perez*, 1994 WL 286267 at *5. The Fifth Circuit case law, however, amply supports dismissing redundant official-capacity claims.

Arguing that cases "abound" with official-capacity claims accompanying claims against the government entity, Brown cites *Bennett v. Pippin*, 74 F.3d 578 (5th Cir. 1996). (Docket Entry No. 98 at 10). Harris County also cites *Bennett*. (Docket Entry No. 93 at 5). In *Bennett*, the Fifth Circuit clarified the distinction between individual and official-capacity claims. *Bennett*, 74 F.3d at 584. The plaintiff had sued the Archer County Sheriff in his individual and official capacity. *Id.* The court held that the plaintiff's "suit against the Sheriff in his official capacity is a suit against Archer County directly in everything but name. . . . A suit against the Sheriff in his official capacity is a suit against the County." *Id.* The court continued: "When [the plaintiff] sued the Sheriff in his individual and official capacity, she sued two defendants: the Sheriff and the County." *Id.* The court explained that the defendants had wrongly considered the case as involving three defendants—the Sheriff individually, the Sheriff officially, and

8

Archer County—and that to avoid confusion, the court would refer to the plaintiff's official-capacity claim as a claim against Archer County. *Id.* During the litigation, the district court reinstated the official-capacity claim against the Sheriff. *Id.* at 585. The Fifth Circuit explained that "[w]hen the district court reinstated the suit against the Sheriff in his official capacity, the County again became a party to this lawsuit." *Id.*

Brown's argument that *Bennett* illustrates an official-capacity claim proceeding alongside a claim against the government entity is unpersuasive. The Fifth Circuit explained that reinstating the official-capacity claim effectively brought Archer County, as the real party-in-interest, back into the lawsuit. But the court emphasized that the case involved only two defendants, not three. *Bennett* does not illustrate an official-capacity claim proceeding alongside a claim against the government entity.

Brown argues that Harris County is not the proper party to move to dismiss the claims against Ogg. (Docket Entry No. 98 at 6). But "[w]hen a plaintiff sues a county or municipal official in her official capacity, the county or municipality is liable for the resulting judgment and, accordingly, may control the litigation on behalf of the officer in her official capacity." *Bennett*, 74 F.3d at 584. An official-capacity claim against Ogg is the same as the claim against Harris County, different in name only. Harris County, which would be liable for any judgment against Ogg in her official capacity, may move to dismiss the claims against her in that capacity.

Brown argues that conflicts between Ogg and Harris County also make it improper for Harris County to represent Ogg. (Docket Entry No. 98 at 6–7). Harris County argued earlier in the litigation that the District Attorney's role in prosecuting Brown related to enforcing state law, not County policies, practices, or customs. (Docket Entry No. 46 at 8). The March 2018 Memorandum and Opinion stated that "Brown's allegations are sufficient to form a plausible

basis to state a claim for *Monell* liability against Harris County for policies, practices, and customs, not for actions taken only prosecuting a case." (Docket Entry No. 56 at 10). While Harris County briefly revives the argument that only the State of Texas, not Harris County, can be liable, (Docket Entry No. 93 at 4 n.7), it appears to otherwise accept for this motion that Harris County is the real party-in-interest to the official-capacity claims against Ogg. (*See* Docket Entry No. 99 at 4).

Representing a county official in her individual capacity, as well as the employing entity, can create a potential conflict, *Van Ooteghem v. Gray*, 628 F.2d 488, 495 n.7 (5th Cir. 1980) (opinion vacated on other grounds). But Brown has sued Ogg only in her official capacity. Harris County's earlier argument that the District Attorney's role in Brown's prosecution related to enforcing state law does not create a conflict between Harris County and Ogg. *See Graham*, 473 U.S. at 166 ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

Nor does Ogg's apparent position that Brown is "actually innocent" avoid the redundancy of suing her in her official capacity and suing Harris County. (Docket Entry No. 98 at 7). Indeed, this appears to be the pragmatic reason that Brown opposes dismissing Ogg—she is apparently on his side. Brown argues that because Ogg and Harris County "have taken completely different and wholly conflicting positions on a primary issue in this case—whether [Brown] is innocent. . . . Harris County and Defendant Ogg are both necessary parties to this action." (Docket Entry No. 101 at 1). Regardless of Ogg's position on Brown's innocence, Harris County is the real party-in-interest to the official-capacity claim and "may control the litigation on behalf of the officer in her official capacity." *Bennett*, 74 F.3d at 584. Dismissing

the official-capacity claims against Ogg would not prevent this court from applying preclusion or other bars on determining Brown's innocence, if appropriate.

The official-capacity claims against Ogg duplicate the claims against Harris County. The claims against Ogg are claims against the County in all but name. Harris County's motion to dismiss is granted, with prejudice, because amendment would be futile.

## IV. Conclusion

Harris County's motion to dismiss the official-capacity claims against Kim Ogg is granted.

SIGNED on December 20, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge