IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALFRED DEWAYNE BROWN, §<br>Plaintiff §<br>§<br>§<br>VS. §<br>§<br>§<br>CITY OF HOUSTON, TEXAS; §<br>HARRIS COUNTY, TEXAS; §<br>BRECK MCDANIEL; §<br>TED C. BLOYD; §<br>AND D.L. ROBERTSON, §<br>Defendants § | CIVIL ACTION NO.<br>4:17-CV-01749 |

## REPLY TO NOTICE OF NEW CASE LAW

Plaintiff Brown has filed a notice of an April Fifth Circuit opinion as a supplement to his original brief seeking to bring Dan Rizzo back into the lawsuit (Docket Entry 119 and 123)(DE). *See Singleton v. Cannizzaro*, 2020 WL 1922377 (April 21, 2020). The *Singleton* opinion is factually distinct from the instant case.

Brown alleges former ADA Dan Rizzo pressured witnesses "outside the judicial context," as alleged in the *Singleton* case. *Singleton* deals with a Louisiana DA office's rampant use of wholly <u>*fake, unlawful*</u> subpoenas to intimidate witnesses. The Fifth Circuit found that use of false "subpoenas" violated specific Louisiana state law and were outside the judicial process as part of the Supreme Court's functional approach test. *Singleton,* at *4, citing to *Burns v. Reed*, 500

1

U.S. 478, 486 (1991) and *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The Supreme Court's test distinguishes between (1) actions taken "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [the prosecutor's] role as an advocate for the State," and (2) "administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." *Buckley*, 509 U.S. at 273; *Singleton,* at *4. In *Buckley*, much like *Singleton*, prosecutors allegedly fabricated evidence during the initial investigation. *Buckley*, at 261.

The issuance of subpoenas is, by its nature, a technical function performed by the court—not a prosecutor. A subpoena's purpose is to investigate case facts, and the physical issuance of subpoenas in Louisiana can never be done by a prosecutor, and can never be considered part of a prosecutor's role advocating for the state. Further, the fabrication of subpoenas violates a clear and unambiguous Louisiana statute.

There are no allegations that Rizzo fabricated evidence or documents and his alleged actions did not violate any bright-line Texas statute. Perhaps most importantly, all of Rizzo's alleged actions occurred in furtherance of his role as a prosecutor, which is very different from the prosecutors in *Singleton* who undertook to falsify a ministerial investigative process. Rizzo remains protected by absolute immunity, which "is not limited 'only to the act of initiati[ng judicial

2

proceedings] itself and to conduct occurring in the courtroom,' but instead includes all actions 'which occur in the course of [the prosecutor's] role as an advocate of the State.' " *Cousin v. Small*, 325 F.3d 627, 632 (5th Cir. 2003)(per curiam)(quoting *Buckley*, at 272-73). *Singleton* does not change this court's analysis or Supreme Court precedent on absolute immunity.

Respectfully submitted,

OF COUNSEL:

VINCE RYAN
HARRIS COUNTY ATTORNEY

*/S/ Suzanne Bradley*
**SUZANNE BRADLEY**
Assistant County Attorney
Federal ID No. 24567
State Bar No. 00793375
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5330
Facsimile: (713) 755-8924
Suzanne.Bradley@cao.hctx.net

## CERTIFICATE OF CONFERENCE

Defendant's counsel contacted Plaintiff's counsel on May 1, 2020 to discuss the filing of our Reply to Notice of New Case Law and she was not opposed.

*/s/ Suzanne Bradley*
SUZANNE BRADLEY
Assistant County Attorney

3

## CERTIFICATE OF SERVICE

  I certify that on the 4th day of May 2020, a true and correct copy of the foregoing document was delivered to all counsel of record via the CM/ECF system and served by electronic notice to all parties of record.

               */s/ Suzanne Bradley*
               SUZANNE BRADLEY
               Assistant County Attorney