IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALFRED DEWAYNE BROWN, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action NO.: 4:17-cv-01749 |
| | § | |
| CITY OF HOUSTON *et al.*, | § | |
| Defendants | § | |

**DEFENDANTS CITY OF HOUSTON, BRECK MCDANIEL, TED BLOYD AND DARRELL ROBERTSON'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO TIM COLE ACT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant CITY OF HOUSTON ("Houston"), Breck McDaniel, Ted Bloyd, and Darrell Robertson ("City Defendants") move for summary judgment in their favor because Plaintiff received state compensation pursuant to the Tim Cole Act, and respectfully argue as follows:

I.   **Nature and Stage of the Proceedings**

1.   Plaintiff Alfred Dewayne Brown ("Brown") filed this lawsuit on June 8, 2017, alleging various claims under 42 U.S.C. § 1983 and *Monell v. Dep't of Social Servs*., 436 U.S. 658, 693-94, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978) [Doc. #1]. City Defendants moved to dismiss the claims against them [Doc. #24]. This Court issued an opinion, dismissing the portions of certain claims based on a ratification theory [Doc. #39 at 43]. Otherwise, the five claims remain [Doc. #39 at 43]. The City Defendants now bring this motion for summary judgment on all claims asserted against them pursuant to the Texas Tim Cole Act.

1

**II.     Issue to be ruled on by the Court and standard of review**

    **A. Issue to be ruled on by court**

        2.     Are the City Defendants entitled to judgment as a matter of law as to all claims asserted against them pursuant to the Tim Cole Act, which forecloses such claims after the plaintiff receives Tim Cole Act compensation?

    **B. Standard of review**

        3.     Summary judgment is proper under Rule 56 when the movant establishes that it is entitled to judgment as a matter of law because "there is no genuine dispute as to any material fact." *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015); *see also Celotex Corp. v. Catreet*, 477 U.S. 317, 322 (1986); *Vann v. City of Southaven*, 884 F.3d 307, 309 (5th Cir. 2018); Fed. R. Civ. P. 56(a). Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018).

**III.    Argument and Authorities**

        4.     Texas' Tim Cole Act sets forth a compensation scheme for persons who were "wrongfully imprisoned." *See* Tex. Civ. Prac. & Rem. Code §103.001 *et seq.* As is relevant here, section 103.153 states:

> A person who receives compensation under this chapter may not bring any action involving the same subject matter, including an action involving the person's arrest, conviction, or length of confinement, against any governmental unit or an employee of any governmental unit.

Tex. Civ. Prac. & Rem. Code § 101.153(b). The Texas Supreme Court recently described this provision as follows:

> The Tim Cole Act's administrative process for settling wrongful-imprisonment claims reflects a balancing of policy choices….The administrative remedy under the Tim Cole Act works to the

2

> exclusion of any other action "involving the same subject matter, including an action involving the person's arrest, conviction, or length of confinement," and in doing so, the Legislature has spared governmental units, governmental employees, and the wrongfully imprisoned the uncertainty and expense of litigation. See TEX. CIV. PRAC. & REM. CODE § 103.153.

*In re Brown*, 614 S.W.3d 712, 723, n.60 (Tex. 2020).

5. The plain language of the statute thus operates to preclude a plaintiff's claims when: 1) a person receives compensation under the Tim Cole Act; and 2) the claims in the other action involve the same subject matter as the Tim Cole Act compensation. Because both of these conditions are met here, City Defendants are entitled to judgment as a matter of law on Brown's claims.

### A. Brown received compensation under the Tim Cole Act.

6. On September 30, 2019, Alfred Brown filed an original Petition for Writ of Mandamus with the Texas Supreme Court. *See* Exhibit A, Petition for Writ of Mandamus ("Mandamus Petition"). The Texas Supreme Court conditionally issued the writ, directing the Comptroller to compensate Brown for the time he was wrongfully imprisoned as required by the Tim Cole Act. *In re Brown*, 614 S.W.3d at 724.

7. On December 23, 2020, the Comptroller issued a check in the amount of $980,000.00, payable to and endorsed by Alfred Brown. *See* Exhibit B, Treasury Warrant No. 142914818.[1]

### B. Brown's claims against City Defendants involve the same subject matter as Brown's Tim Cole Act compensation

8. Both the claims here and Brown's Tim Cole Act compensation stem from the same subject matter: 1. Brown's October 18, 2005 capital murder conviction for the April 3,

---

[1] As commercial paper, the warrant is a self-authenticating document. Fed. R. Evid. 902(9); *Adonai Communications, Ltd. v. Awstin Investments, LLC*, 3:10-CV-2642-L, 2011 WL 4712246, at *4 (N.D. Tex. Oct. 7, 2011).

2003 murders of Alfredia Jones and Houston Police Officer Charles Clark, in the 351st Judicial District Court of Harris County Texas; 2. Brown's successful habeas petition after allegedly exculpatory evidence was found; and 3. the March 1, 2019 Special Prosecutor's Report declaring Brown "actually innocent."  *Compare* Exhibit A at 3-4 *with* Doc. #1 at 1, 3, 7.  Hence, there can be no doubt that the claims Brown asserts against these City Defendants involve the same subject matter for which he received Tim-Cole-Act compensation.

### IV.     Conclusion

9.     By accepting the Tim Cole Act compensation, Brown foreclosed his ability to bring or retain this suit.  Brown could have declined this compensation; wisely determining to keep the bird in the hand, Brown must now forego the two in the bush.  Accordingly, Defendants City of Houston, Breck McDaniel, Ted Bloyd, and Darrell Robertson respectfully request that the Court enter judgment that Brown take nothing on all of his claims asserted against them.

|  |  |
|---|---|
|  | Respectfully submitted,<br>**ARTURO G. MICHEL**<br>**City Attorney**<br><br>KELLY DEMPSEY<br>Chief, Torts/Civil Rights |
| Date:  March 29, 2021 | By:   */s/ Christy L. Martin*<br>Christy L. Martin<br>Sr. Assistant City Attorney<br>ATTORNEY IN CHARGE<br>SBN:  24041336<br>FBN:  754168<br>832.393.6438<br>christy.martin@houstontx.gov<br>CITY OF HOUSTON LEGAL DEPARTMENT<br>900 Bagby, 4th Floor<br>Houston, Texas 77002<br>832.393.6259 Facsimile<br><br>***Attorneys for Defendants,***<br>***City of Houston, Texas, Breck McDaniel,***<br>***Ted Bloyd, and Darrell Robertson*** |

**CERTIFICATE OF SERVICE**

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to the following:

Catharine Edwards
Kristen Beightol
Edwards Kirby
3201 Glenwood Ave., Suite 100
Raleigh, NC 27612

C. Dunham Biles
Fox Rothschild, LLP
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas, TX 75240-6215

Seth Hopkins
Stan Clark
Harris County Attorney's Office
1019 Congress Plaza, 15th Floor
Houston, TX 77002

*/s/Christy L. Martin*
CHRISTY L. MARTIN